KENTUCKY BAR ASSOCIATION,
Movant,

v.

Charles C. LEADINGHAM,
Respondent.

No. 2008–SC–000522–KB.

Supreme Court of Kentucky.

Nov. 26, 2008.

## *OPINION AND ORDER*

The Kentucky Bar Association ("KBA"), pursuant to SCR 3.370(8), has filed notice for this Court to review the Board of Governors' ("Board") recommended discipline against, Respondent, Charles C. Leadingham, KBA Number 82296. The Board found Respondent guilty of Count I, violating SCR 3.130–3.4(c) (failure to obey an obligation under the rules of a tribunal) but failed to reach the required number of guilty votes to find Respondent guilty of Count II, violating SCR 3.130–8.1(b) (failure to respond to a demand for information from a disciplinary authority). For being found guilty of Count I the Board recommended Respondent be sanctioned with a public reprimand and thirty days of suspension from the practice of law probated on the condition that Respondent attend the Ethics and Professionalism Enhancement Program. We now affirm the Board's finding of guilt on Count I, find Respondent guilty of Count II, and affirm the Board's recommended punishment.

Count I arose from Respondent's representation of two clients in different Court of Appeals' cases. On March 19, 2007, Respondent filed an appeal for his client Roma Butler. Respondent never filed a brief with the Court of Appeals in compliance with the Rules of Civil Procedure even after receiving a notice that he must file a brief or have the case dismissed. The case was ultimately dismissed.

In another case, Respondent represented Kimberly Compton. Again Respondent failed to file briefs in compliance with the Rules of Civil Procedure. In June 2007, Respondent informed the Court of Appeals that the case had been settled and that he would tender an agreed order of dismissal within a few days. However, no order was filed. This case was also ultimately dismissed. The KBA Inquiry Commission began to investigate Respondent's behavior in those cases.

Count II of the charge arose from Respondent's failure to provide information requested by the Inquiry Commission on Count I. A complaint regarding Count I was sent by the Inquiry Commission to Respondent via certified mail. Respondent personally signed the return receipt signifying he received the complaint. Respondent did not submit a response. A reminder letter was later sent to Respondent also via certified mail. He signed for the letter but again did not respond to the Inquiry Commission. The Inquiry Commission officially charged Respondent with both Count I and II on March 18, 2008. Respondent has not responded to the charge and did not file a brief with this Court.

The Board found by a vote of fifteen guilty and zero not-guilty that Respondent was guilty of Count I. However, the Board voted nine guilty and six not-guilty on Count II. Since the Board's vote failed to reach the minimum number of votes necessary for a guilty finding per SCR 3.370(6), Respondent was effectively found not-guilty of Charge II.

■ "The findings of fact by the trial commissioners and the Board of Governors in a disciplinary proceeding are advisory only." *Kentucky Bar Ass'n v. Berry*, 626 S.W.2d 632, 633 (Ky.1981). "Final decisions of guilt and punishment can only be made by the Supreme Court, and it is done on the basis of a de novo consideration of pleadings and trial review." *Kentucky Bar Ass'n v. Jones*, 759 S.W.2d 61, 64 (Ky.1988). Upon reviewing the record, we find Respondent guilty of both Counts I and II.

■ It is clear from the evidence presented that Respondent failed to file the appropriate briefs or orders requested by the Court of Appeals in violation of SCR 3.130–3.4(c). His failure in filing the appropriate briefs led to his clients' cases being dismissed. Additionally, while the Board failed to vote to find Respondent guilty of violating SCR 3.130–8.1(b), the evidence clearly indicates that he is guilty. Multiple times Respondent signed for documents from the Inquiry Committee which requested information from him so that Count I could be properly investigated. Respondent never provided any information or filed any brief in this matter. For the KBA to properly investigate attorney disciplinary matters, those being investigated must respond to information requests. We have no choice but to find Respondent guilty of violating SCR 3.130–8.1(b).

■ However, while we find Respondent guilty of both Counts I and II, we see no need to increase the punishment recommended by the Board. A single violation of SCR 3.130–8.1(b) has previously warranted the sanction of a public reprimand. *Kentucky Bar Ass'n v. Beal*, 169 S.W.3d 860 (Ky.2005). The Board's initial recommendation was to sanction Respondent with a public reprimand and thirty days of suspension from the practice of law probated on the condition that Respondent attends the Ethics and Professionalism Enhancement Program in 2009. Since Respondent is already receiving a public reprimand plus a potential suspension from practicing law, we see no need to increase his sanction.

Thus it is ORDERED that:

1) Respondent, Charles C. Leadingham, KBA Number 82296, 215 West 15th street, P.O. Box 387, Ashland, KY 41105 is adjudged guilty of violating SCR 3.130–3.4(c) and SCR 3.130–8.1(b);

2) Respondent will be suspended from the practice of law in this Commonwealth for thirty days probated on the condition that Respondent attend the Ethics and Professionalism Program during 2009 for which he shall receive no CLE credit for;

3) In accordance with SCR 3.450, Respondent is directed to pay all costs associated with these disciplinary proceedings against him, said sum being $189.44, for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: November 26, 2008.

/s/   John D. Minton, Jr.
Chief Justice