TO BE PUBLISHED

# Supreme Court of Kentucky

## 2008-SC-000934-KB

FINAL

DATE 3-31-09 EnAGroump.C.

KENTUCKY BAR ASSOCIATION                                    MOVANT

V.                          IN SUPREME COURT

CHARLES C. LEADINGHAM                                    RESPONDENT

## OPINION AND ORDER

Respondent, Charles C. Leadingham, was admitted to the practice of law in the Commonwealth of Kentucky on October 30, 1987. His bar roster address is 215 15th Street, P.O. Box 387, Ashland, Kentucky 41105. The KBA Board of Governors considered a charge of misconduct with four counts against the Respondent related to his representation of Ed V. McGuire.

The Board of Governors considered this a default case at its November 21, 2008, meeting. Per the Board's findings, Respondent was hired by Mr. McGuire to file a lawsuit against the former owners of Mr. McGuire's house. Respondent prepared a complaint, but never filed it nor would he return any of Mr. McGuire's phone calls. The Disciplinary Clerk had Respondent personally served with a complaint from the Inquiry Commission with a notice that failure to respond could subject Respondent to an additional charge of misconduct. Respondent did not timely respond. A day before the Board of Governor's meeting, Respondent tendered a response with a motion to file a late answer.

The Board denied the request and heard the four counts of the charge against the Respondent.

Count I is based upon the above facts, including Respondent's failure to file the lawsuit on behalf of Mr. McGuire after being hired to do so, failure to return phone calls, and failure to provide Mr. McGuire with any information regarding the lawsuit. Count I charged the Respondent with a violation of SCR 3.130-1.3. which provides:

> A lawyer shall act with reasonable diligence and promptness in representing a client.

Count II charged Respondent with a violation of SCR 3.130-1.4, which states:

> (a) A lawyer should keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.
>
> (b) A lawyer should explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation.

Count III is based on Respondent's acceptance of Mr. McGuire's money to file the lawsuit and his failure to file the lawsuit or return the money. Count III charged the Respondent with violation of SCR 3.130-1.15(b), which provides:

> Upon receiving funds or other property in which a client or third person has an interest, a lawyer shall promptly notify the client or third person. Except as stated in this rule or otherwise permitted by law or by agreement with the client, a lawyer shall promptly deliver to the client or third person any funds or other property that the client or third person is entitled to receive and, upon request by the client or third person, shall promptly render a full accounting regarding such property.

Count IV is based on the above facts, including Respondent's failure to respond to the Complaint despite receiving letters from both the Disciplinary Clerk and Bar Counsel informing Respondent that failure to respond results in a disciplinary charge. Count IV charged the Respondent with a violation of SCR 3.130-8.1(b), which provides:

> [A] lawyer in connection with . . . a disciplinary matter, shall not, . . . knowingly fail to respond to a lawful demand for information from . . . [a] disciplinary authority. . . .

The Board of Governors made the following findings of fact:

> 13. Respondent failed to file an answer within the time required by the Supreme Court Rules, and the Board of Governors denied Respondent's Motion to File Late Answer. Therefore, Respondent is before the Board of Governors of the KBA by default.

> 14. The Board finds by a preponderance of the evidence that the Respondent failed to file the lawsuit on behalf of Mr. McGuire after Mr. McGuire hired Respondent to do so.

> 15. The Board finds by a preponderance of the evidence that the Respondent failed to return Mr. McGuire's telephone calls and failed to provide Mr. McGuire any information regarding Respondent's failure to file the lawsuit.

> 16. The Board finds by a preponderance of the evidence that the Respondent accepted Mr. McGuire's money to file a lawsuit, but did not file the lawsuit and did not return the money.

The Board of Governors found the Respondent:

> [G]uilty of the violation set forth in Count I of the Charge by a vote of 17-0; found the Respondent guilty of the violation set forth in Count II of the Charge by a vote of 17-0; found the Respondent not guilty of the violation set forth in Count III of the Charge by a vote

of 13-4; and found the Respondent guilty of the violation set forth in Count IV of the Charge by a vote of 14-3. One member recused himself from discussion of the case and the vote.

After finding Respondent guilty of three of the four counts charged, the Board considered an appropriate discipline. The Respondent had a previous discipline on May 24, 2001, for violating SCR 3.130-1.4(a) and SCR 3.130-1.6(d) resulting from Respondent's failure to return a client's telephone calls and answer her letter, and his failure to advise the client he was no longer representing her in a divorce case. At that time, Respondent received a public reprimand. This time the Board recommends a sixty-one day suspension plus costs.

Under SCR 3.370(10), if either party does not file a notice of review, or the Court notify the parties of its review, the Court shall enter an order adopting the Board's decision. Neither party has filed a notice for this Court to review the Board's decision, and this Court elects not to do so under SCR 3.37(9). Accordingly, this Court adopts the Board of Governors' decision and orders that:

(1) The Respondent, Charles C. Leadingham, be and is hereby suspended from the practice of law for sixty-one days;

(2) The costs of these proceedings, certified by the Executive Director to be $359.28, is assessed against the Respondent, Charles C. Leadingham;

(3) Pursuant to SCR 3.390, Charles C. Leadingham shall notify all courts in which he had matters pending, and all clients for whom he

4

is actively involved in litigation and similar legal matters, of his inability to continue to represent them, and of the necessity and urgency of promptly retaining new counsel. Simultaneously, Respondent shall provide a copy of all such letters to the Director of the Association; and

(4) Respondent, Charles C. Leadingham shall immediately, to the extent possible, cancel and cease any advertising activities pursuant to SCR 3.390.

All sitting. All concur.

ENTERED: March 19, 2009.

_____
CHIEF JUSTICE

5