KENTUCKY BAR ASSOCIATION,
Movant,

v.

Charles LEADINGHAM, Respondent.

No. 2009–SC–000765–KB.

Supreme Court of Kentucky.

Jan. 21, 2010.

## OPINION AND ORDER

Charles Leadingham, KBA Member No. 82296, was admitted to the practice of law in the Commonwealth of Kentucky on October 30, 1987. His Bar Roster address is 215 15th St., P.O. Box 387, Ashland, Kentucky, 41105. Before the Court is the Trial Commissioner's Amended Report of October 5, 2009, covering two files consolidated for this report. KBA File No. 12458 concerns Respondent's representation of Allen Walker and KBA File No. 12559 concerns Respondent's representation of Michael and Leigh Ann Perdue. Neither party to this case filed a notice of appeal pursuant to SCR 3.360(4). According to said rule, in the event no appeal is filed, the entire record is to be forwarded to this Court for entry of a final order pursuant to SCR 3.370(10). After reviewing the record and being of the opinion that further briefing is not necessary, this Court adopts the decision of the Trial Commissioner.

Charges [1] were initially filed against the Respondent on March 29, 2007 (KBA File No. 12559). Charges were also filed against the Respondent on June 5, 2007 (KBA File No. 12458). The files were consolidated on June 4, 2008. The Trial Commissioner made the following Findings of Fact which, pursuant to SCR 3.370(10), we adopt as our own:

*Allen Walker*

1. Allen Walker hired the Respondent to represent him in a divorce case, and paid the sum of $600 at the beginning of the matter. There was no written fee agreement between the Respondent and Mr. Walker.

2. The Respondent prepared initial pleadings for Mr. Walker, including a response to the petition for dissolution of marriage, a verified response to motion (for possession of the marital residence and various property) and response to motion for restraining order. The Respondent further proceeded to initiate an appraisal of Walker's marital residence by sending a letter requesting same to Mr. Dale Hensley. All of the initial paperwork in Walker's case was completed as part of Walker's first

---

1. Not the same date that the initial complaint was filed.

meeting with the Respondent on August 25, 2004.

3. A motion for various relief, including temporary possession of the marital residence, was scheduled to be heard on September 3, 2004, before Judge Hagerman of the Boyd Circuit Court. The motion had been filed by counsel for Walker's wife.

4. The pleadings prepared by the Respondent on Walker's behalf were filed with the Boyd Circuit Court on September 2, 2004, the day before the scheduled hearing.

5. Judge Hagerman announced a ruling on the pending motions on Friday, September 3, 2004. Walker was present in court. The Respondent was not present. Mrs. Walker's attorney was present, but Mrs. Walker did not attend. No testimony was heard and no other evidence was presented. A written order memorializing Judge Hagerman's ruling was entered on September 3, 2004, at 9:21 a.m.

6. The Respondent failed to advise Walker, prior to September 3, 2004, that neither the Respondent nor anyone from his office would ... be attending court on Walker's behalf. There were no other attorneys practicing with the Respondent at the time.

7. The Order of the Boyd Circuit Court entered on September 3, 2004, granted relief requested by both the Petitioner and the Respondent to that action, indicating that the Court took notice of the pleadings filed by the Respondent herein on Mr. Walker's behalf. Specifically, the Court restrained both parties from disposing of any marital property, which relief was requested in the pleadings filed by the Respondent for Mr. Walker.

8. Mr. Walker did not understand the proceedings that occurred on September 3, 2004, and the Respondent never spoke to him directly concerning same before or after that date.

9. Walker discharged the Respondent on September 4, 2004. He thereafter received an invoice dated October 31, 2004, from the Respondent for the sum of $150 reflecting 1.25 hours worked on August 25, 2004, at the rate of $120 per hour. Walker never paid the bill. The Respondent never refunded any money to Walker.

10. Walker filed a bar complaint, which was mailed to the Respondent by certified mail on January 18, 2005. The Respondent personally signed for same on January 19, 2005. The Respondent was later personally served with the bar complaint by the local sheriff's office.

11. The Respondent failed to respond to the bar complaint filed against him by Allen Walker.

*Michael and Leigh Ann Perdue*

12. Michael and Leigh Ann Perdue hired the Respondent to represent their interests in a bankruptcy action in June, 2003. The Respondent quoted a fee of $800 for the case. On or about July 14, 2003, Mr. & Mrs. Perdue paid $500, leaving a $300 balance owing.

13. The Respondent and/or his office staff prepared the initial pleadings in the Perdues' Chapter 7 bankruptcy case following a series of three meetings that occurred in June and July of 2003. The Respondent met with Mr. & Mrs. Perdue in June, 2003, and the final two meetings occurred between the Perdues and the Respondent's office staff.

14. The Respondent never filed a Chapter 7 bankruptcy for Mr. & Mrs. Perdue, though the bulk of the work was complete in the case by the clients' third meeting with the Respondent's office.

15. After meeting with the Respondent in June, 2003, Mr. & Mrs. Perdue never

again spoke directly with the Respondent until the hearing conducted in the present case on June 15, 2009.

16. Mr. & Mrs. Perdue never paid the remaining $300 originally owed to the Respondent. They requested a refund of the initial $500 they paid to the Respondent sometime in November, 2003, after they decided at that time not to proceed with filing bankruptcy because Mr. Perdue was rehired at his job.

17. During the time from June, 2003, to November, 2003, the Respondent experienced significant difficulties at his office, including (1) a change in filing requirements of the bankruptcy court necessitating use of a corporate credit card, which the Respondent did not have, and (2) a sabotaged computer system due to the termination of a disgruntled employee. The Respondent admits that neither difficulty was attributable to fault of the Perdues, but argues that neither were the circumstances his fault.

18. Of the initial $500 received by the Respondent from Mr. & Mrs. Perdue, $200 was designated as 'filing fee' in the *Statement Pursuant to Rule 2016(B)* prepared for the Perdues by the Respondent. The bankruptcy was never filed, and the filing fee was never paid to the bankruptcy court. The $200 filing fee was never refunded to Mr. & Mrs. Perdue.

19. The Perdues' bar complaint was mailed to the Respondent on February 28, 2005, by certified mail. He personally signed the return receipt for same on March 1, 2005. The Respondent did not respond to the bar complaint prior to the initiation of the present charges against him.

20. The Trial Commissioner was appointed in June of 2008, and a pretrial conference was held on August 14, 2008. At the pretrial a hearing date was set and dates for filing of Witness & Exhibit Lists were also established. The case was then delayed until April 2009, when the KBA filed an additional Motion for Telephonic Pretrial Conference. While the reason for that delay is not a matter to be considered by the Trial Commissioner, it appears that the KBA can state that the delay was occasioned by good faith discussions with the Respondent. The Respondent's suspension in another matter was effective March 19, 2009, and he could not be reinstated while this pending matter existed.

The Trial Commissioner also made the following Conclusions of Law which we adopt as our own:

*Allen Walker*

1. The Respondent did not violate SCR 3.130–1.3, in that he promptly prepared the initial pleadings in Mr. Walker's case and presented same to the Court in a manner sufficiently timely to allow consideration of same by the trial judge.

2. The Respondent violated SCR 3.130–1.4 by failing to keep Mr. Walker reasonably informed about the status of his case, and further by failing to explain Judge Hagerman's motion proceedings to Mr. Walker in advance of September 3, 2004, to the extent reasonably necessary to permit Mr. Walker to make informed decisions concerning the case.

3. The Respondent violated SCR 3.130–1.16(d) by failing to return to Mr. Walker the unearned portion of the $600 fee he had paid at the beginning of the representation.

4. The Respondent violated SCR 3.130–8.1(b) by failing to respond to a lawful demand for information from a disciplinary authority.

*Michael and Leigh Ann Perdue*

5. The Respondent violated SCR 3.130–1.3 by failing to act with reason-

able diligence and promptness in representing Mr. & Mrs. Perdue, in that he did not complete the filing of their bankruptcy case during the period of time from July, 2003, when they signed the completed bankruptcy petition, to November, 2003, when they finally decided to forego the bankruptcy altogether.

■ 6. The Respondent violated SCR 3.130–1.4(a) by failing to keep Mr. & Mrs. Perdue reasonably informed concerning the status of their case, in that the Respondent never spoke to the Perdues again after his first meeting with them, and did not personally address with them the difficulties he now relies upon to excuse his failure to file their bankruptcy case.

7. The Respondent did not violate SCR 3.130–1.5(a), in that he did not charge the Perdues an unreasonable fee for the work he performed. The Respondent was paid the sum of $300 for the preparation of a bankruptcy petition and for his time spent consulting with the Perdues, which amount is not unreasonable.

■ 8. The Respondent violated SCR 3.130–1.16(d) by failing to refund to the Perdues the filing fee that was advanced in the amount of $200, but which was never paid to the court clerk because the case was never filed.

■ 9. The Respondent violated SCR 3.130–8.1(b) by failing to respond to a lawful demand for information from a disciplinary authority.

■ After concluding that the Respondent had violated certain Rules of Professional Conduct, the Trial Commissioner considered possible sanctions, together with aggravating and mitigating circumstances which were presented in a joint exhibit. Aggravating circumstances included: a public reprimand on May 24, 2001 (2001–SC–000275–KB); a thirty day suspension on November 26, 2008, probated on the condition that Respondent attend the Ethics and Professionalism Program during 2009 (2008–SC–000522–KB); and a sixty day suspension on March 19, 2009 (2008–SC–000934–KB). A mitigating circumstance was the fact that Respondent was not reinstated to practice law after the last suspension (which was due to expire on May 19, 2009) because of the within pending case. The Trial Commissioner recommended a 120 day suspension, retroactive to May 20, 2009, which would have expired September 15, 2009. The Trial Commissioner further recommended that the Respondent be ordered to refund to Allen Walker, the sum of $450.00, and to refund to Michael and Leigh Ann Perdue, the sum of $200.00. This Court did not give the parties notice that it would require briefs and re-evaluate the recommendation, pursuant to SCR 3.370(9). Therefore, this Court adopts the recommendations of the Trial Commissioner, pursuant to SCR 3.370(10).

ACCORDINGLY, IT IS HEREBY ORDERED that:

1) Respondent, Charles C. Leadingham, is suspended from the practice of law in this Commonwealth for a period of 120 days;

2) Said period of suspension shall commence retroactively to May 20, 2009;

3) Respondent shall refund to Allen Walker, the sum of $450.00, before he is reinstated to practice law;

4) Respondent shall refund to Michael and Leigh Ann Perdue, the sum of $200.00, before he is reinstated to practice law; and

5) Respondent is directed to pay all costs associated with this disciplinary proceeding, pursuant to SCR 3.450, certified to be in the sum of $1,318.62, for which

execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: JANUARY 21, 2010.

/s/ John D. Minton Jr.
Chief Justice