**KENTUCKY BAR ASSOCIATION,
Movant,**

v.

**Charles C. LEADINGHAM,
Respondent.**

**No. 2010–SC–000262–KB.**

Supreme Court of Kentucky.

Aug. 26, 2010.

## *OPINION AND ORDER*

Charles C. Leadingham, KBA Member Number 82296, was admitted to the practice of law in the Commonwealth of Kentucky on October 30, 1987. His Bar Roster address is 215 15th Street, P.O. Box 387, Ashland, Kentucky 41105. Before the Court is the Board of Governors' Findings of Fact, Conclusions of Law and Recommendations of April 14, 2010, which recommended Respondent be found guilty, by default, of not refunding any of an unearned $1,000.00 fee paid after he was suspended from the practice of law, in violation of SCR 3.130–1.16(d). The Board also recommended Respondent be found guilty of failing to respond to the Bar complaint despite receiving notification that the Inquiry Commission required a response and information regarding said complaint, in violation of SCR 3.130–8.1(b). The Board of Governors recommended Respondent be suspended from the practice of law for 181 days.

The case before us[1] involved the Respondent's representation of Chandra Rogers to assist with her attempt to obtain either custody or visitation with her child, whom she had previously given up for adoption. Respondent collected a $1,000.00 retainer, prepared a motion to reopen the case, and set the matter for a hearing. Prior to the hearing, Respondent was notified of his suspension from the practice of law for sixty-one days.[2] Respondent notified both the Court and his client of the suspension, had the case continued, and notified the client that she needed to retain new counsel. The client made numerous requests for a refund of the $1,000.00 retainer but Respondent never replied. Subsequently, Respondent was served with the Inquiry Commission complaint, along with a letter instructing Respondent to file an answer. No response was filed, nor did Respondent file a response after he received a reminder letter.

Respondent's failure to refund any of the retainer fee after his suspension resulted in a charge under SCR 3.130–1.16(d), which requires the refund of any advance not earned. Respondent's failure to respond to the Inquiry Commission resulted in a charge under SCR 3.130–8.1(b), which requires counsel to respond to a demand for information from a disciplinary authority. Respondent did not answer or otherwise contest the matter and the mat-

---

1. KBA File No. 17651.

2. *Kentucky Bar Ass'n v. Leadingham*, 281 S.W.3d 284 (Ky.2009).

ter came before the Board of Governors by default.

The Board of Governors reviewed the Respondent's file of prior discipline to determine the appropriate discipline in this case. In January, 2010, we suspended the Respondent from the practice of law for 120 days, retroactive to May 20, 2009, for his representation in two previous cases.[3] The facts as found by the Trial Commissioner, which we adopted, found that Respondent was accepting fees from clients and not doing the work (the same as in the case now before us).

Respondent also received a sixty-one-day suspension on March 19, 2009,[4] for four violations of the Rules of Professional Conduct. More specifically, he was charged with violations of SCR 3.130–1.3 (reasonable diligence and promptness in representing a client), SCR 3.130–1.4 (keeping a client reasonably informed), SCR 3.130–1.15(b) (returning unearned funds), and SCR 3.130–8.1(b) (fully responding to a demand for information from a disciplinary authority). These charges stemmed from the Respondent's accepting a client and a fee to litigate against the former owners of the client's house. Respondent failed to file the suit, failed to return the client's phone calls, failed to keep the client informed about the case, failed to return any of the fee, and failed to respond to the charge.

Respondent received a thirty-day suspension on November 26, 2008, probated for one year on the condition that Respondent attend the Ethics and Professionalism Program during 2009, for violating SCR 3.130–3.4(c) and SCR 3.130–8.1(b).[5] In that case, Respondent represented two clients in two separate Court of Appeals cases. One case was dismissed when the Respondent failed to file a brief, and the other was dismissed when he failed to file the brief or a motion to dismiss. Respondent did not respond to the Inquiry Commission's demands for information in either case.

Finally, Respondent received a public reprimand on May 23, 2001, for violations of SCR 3.130–1.4(a) and SCR 3.130–1.16(d), when he undertook representation of a client in a divorce case.[6] Respondent failed to return phone calls and a letter from the client, and failed to notify the client that he would no longer represent the client.

In the case now before us, after reviewing and considering Respondent's prior discipline, the Board of Governors recommended a 181–day suspension, concurrent with any and all prior suspensions; restitution of $500.00 to the client, Chandra Rodgers, for the unearned part of the fee; and payment of the costs of this action. Respondent did not respond to the Board of Governors' recommendation to this Court. Under SCR 3.370(10), if no request for review is filed by either party nor a notice of review issued by the Court, the Court shall adopt the decision of the Board of Governors. Important in our consideration of the 181–day suspension is SCR 3.510(1), which requires that a suspended member not resume practice until reinstated by this Court. Also, SCR 3.505(1) requires the Character and Fitness Committee review all applications for reinstatement of persons suspended for over 180 days. It is our opinion that the nature of the offenses, together with Re-

---

3. *Kentucky Bar Ass'n v. Leadingham,* 302 S.W.3d 79 (Ky.2010).

4. *Kentucky Bar Ass'n v. Leadingham,* 281 S.W.3d 284 (Ky.2009).

5. *Kentucky Bar Ass'n v. Leadingham,* 269 S.W.3d 419 (Ky.2008).

6. *Leadingham v. Kentucky Bar Ass'n,* 44 S.W.3d 374 (Ky.2001).

spondent's prior disciplinary record, merits a suspension from the practice of law for 181 days.

Therefore, it is hereby ORDERED that:

1. Charles C. Leadingham is adjudicated guilty of violating SCR 3.130–1.16(d), and SCR 3.130–8.1(b).

2. Charles C. Leadingham is hereby suspended from the practice of law in the Commonwealth of Kentucky for a period of 181 days, effective from the date of this order. Said suspension shall be served concurrently with any and all suspensions issued **prior** to this date.

3. Charles C. Leadingham shall pay restitution of $500.00 to his former client, Chandra Rogers, for the unearned part of the fee.

4. Pursuant to SCR 3.390, Charles C. Leadingham shall send letters to all Courts in which he has matters pending, if any, and to all clients whom he is actively representing, if any, within ten days of this Opinion and Order, notifying them of his inability to continue to represent them and advising them of the necessity of retaining new counsel. Leadingham shall also provide a copy of such letters to the Director of the KBA and cease advertising activities, if any.

5. Pursuant to SCR 3.450, Charles C. Leadingham is ordered to pay the costs of this disciplinary proceeding, said sum being $201.56, for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: August 26, 2010.

/s/ John D. Minton, Jr.

Chief Justice