**KENTUCKY BAR ASSOCIATION, Movant,**

**v.**

**Charles C. LEADINGHAM, Respondent.**

**No. 2010–SC–000420–KB.**

Supreme Court of Kentucky.

Aug. 26, 2010.

***OPINION AND ORDER***

Charles C. Leadingham, KBA Member Number 82296, was admitted to the prac-

---

tice of law in the Commonwealth of Kentucky on October 30, 1987. His Bar Roster address is 215 15th Street, P.O. Box 387, Ashland, Kentucky 41105. Before the Court is the Board of Governors' Findings of Fact, Conclusions of Law and Recommendations of June 15, 2010, which found the Respondent guilty, by default, of not refunding the unearned portion of a fee paid on behalf of a client and of not responding to a demand for information from the Inquiry Commission.[1] The Respondent was also found guilty, by default, of five Counts relating to his representation of another client in a bankruptcy case.[2] The Board of Governors consolidated the charges for purposes of considering appropriate discipline and recommended that Respondent be suspended from the practice of law for three years. All seven counts, in two separate charges, were before the Board of Governors by default, and are before this Court pursuant to SCR 3.370(10) (no request for review nor issuance of a notice of review). Therefore, we adopt the decision of the Board of Governors.

## KBA File No. 18055

The first case before us involved two counts against the Respondent. Respondent represented a defendant who had been indicted on one count of Possession of Matter Portraying Sexual Performance of Minor. A signed fee agreement called for an initial, non-refundable payment of $3,000.00, with another payment of $3,000.00 if the matter proceeded to trial. A family member of the defendant paid the initial $3,000.00 fee. Respondent notified the family that a trial would be necessary and the Respondent received the second $3,000.00. Before the trial date, the defendant was indicted on federal charges and the state case was dismissed. Respondent was suspended from the practice of law by this Court on March 19, 2009.[3] Respondent notified the client of his suspension and of the fact that he could no longer represent the client. However, the letter did not address a refund nor did it address an accounting of how much of the second $3,000.00 was earned before the suspension.

A Bar Complaint was filed against the Respondent and the Office of Bar Counsel sent the Respondent a letter requesting an explanation of the time spent on the case and whether any part of the fee was unearned, particularly in light of the fee agreement that called for the additional $3,000.00 only in the event the matter went to trial. Respondent failed to respond, and a reminder letter was sent to Respondent informing him of his obligation to respond under the Rules of Professional Conduct. Again, Respondent did not respond. Based on the above facts, Respondent was charged with two counts of violating the Rules of Professional Conduct. Count I charged Respondent with a violation of SCR 3.130–1.16(d), which requires refunding any advance fee not earned. Count II charged Respondent with a violation of SCR 3.130–8.1(b), which requires a lawyer to respond to a lawful demand for information from a disciplinary authority.

## KBA File No. 18192

In the second case before us, the Respondent was paid $800.00 of a $1,300.00 fee to represent a client in a Chapter Seven bankruptcy proceeding. The client provided relevant information and was scheduled to meet Respondent for a final

---

1. KBA File No. 18055.

2. KBA File No. 18192.

3. *Kentucky Bar Ass'n v. Leadingham*, 281 S.W.3d 284 (Ky.2009).

meeting on September 18, 2009. Respondent rescheduled the meeting for September 21, 2009, but failed to show or return the client's phone calls and failed to respond to the client's mailings. At that time, Respondent was still under suspension from the practice of law from a March 19, 2010, suspension by this Court.[4] Although the March 19 Opinion and Order required the Respondent to notify his clients by mail of his suspension and to send a copy of these letters to the KBA, the KBA never received a copy of a letter addressed to Respondent's bankruptcy client.

The client filed a Bar Complaint against the Respondent. He was served with the Bar Complaint, along with a letter from the Disciplinary Clerk that the Inquiry Commission required additional information from him concerning the complaint, and that failure to respond could result in additional charges. Respondent failed to respond and did not respond to a reminder letter with the same information.

By default the Board of Governors found Respondent guilty of Count I, a violation of SCR 3.130–1.3, which requires a lawyer act with reasonable diligence and promptness in representing a client; Count II, a violation of SCR 3.130–1.4(a) and (b), which requires a lawyer keep a client informed about the status of the case and comply promptly with reasonable requests, and to explain matters to the extent reasonably necessary to permit clients to make informed decisions; Count III, a violation of SCR 3.130–1.16(d), which requires a lawyer surrender the file and any unearned fee to a client upon termination of representation; Count IV, a violation of SCR 3.130–3.4(c), which prohibits a lawyer

from knowingly or intentionally disobeying an obligation under the rules of a tribunal; and Count V, a violation of SCR 3.130–8.1(b) which requires a lawyer respond to a lawful demand for information from a disciplinary authority.

### Prior Discipline

The Board of Governors reviewed the Respondent's file of prior discipline to determine the appropriate discipline in these two combined cases. On January 21, 2010, Respondent was suspended from the practice of law for 120 days, retroactive to May 20, 2009, for his representation in two previous cases.[5] The facts as found by the Trial Commissioner, which we adopted, found that Respondent was accepting fees from clients and not doing the work (the same as in the cases now before us).

Respondent also received a sixty-one day suspension on March 19, 2009,[6] for four violations of the Rules of Professional Conduct. More specifically, he was charged with violations of SCR 3.130–1.3 (reasonable diligence and promptness in representing a client), SCR 3.130–1.4 (keeping a client reasonably informed), SCR 3.130–1.15(b) (returning unearned funds), and SCR 3.130–8.1(b) (fully responding to a demand for information from a disciplinary authority). These charges stemmed from the Respondent's accepting a client and a fee to litigate against the former owners of the client's house. Respondent failed to file the suit, failed to return the client's phone calls, failed to keep the client informed about the case, failed to return any of the fee, and failed to respond to the Board of Governors.

Respondent received a thirty-day suspension on November 26, 2008, probated

---

**4.** *Id.*

**5.** *Kentucky Bar Ass'n v. Leadingham,* 302 S.W.3d 79 (Ky.2010).

**6.** *Kentucky Bar Ass'n v. Leadingham,* 281 S.W.3d 284 (Ky.2009).

for one year on the condition that Respondent attend the Ethics and Professionalism Program during 2009, for violating SCR 3.130–3.4(c) and SCR 3.130–8.1(b).[7] In this case, Respondent represented two clients in two separate Court of Appeals cases. One case was dismissed when the Respondent failed to file a brief, and the other was dismissed when he failed to file the brief or a motion to dismiss. Respondent would not respond to the Inquiry Commission's demands for information in either case.

Finally, Respondent received a public reprimand on May 23, 2001, for violations of SCR 3.130–1.4(a) and SCR 3.130–1.16(d), when he undertook representation of a client in a divorce case.[8] Respondent failed to return phone calls and a letter from the client, and failed to notify the client that he would no longer represent the client.

### Board's Recommendation

After reviewing and considering Respondent's prior discipline, the Board of Governors recommended the Respondent be suspended from the practice of law in this Commonwealth for three years, ordered to pay restitution for unearned fees to his clients (or to the Client Security Fund as the case may be), and the costs of this proceeding. Respondent did not respond to the Board of Governors' recommendation to this Court, and this Court has elected not to issue a notice of review. Therefore, under SCR 3.370(10), this Court shall enter an order adopting the decision of the Board.

Therefore, it is hereby ORDERED that:

1. Charles C. Leadingham is adjudicated guilty of violating SCR 3.130–1.16(d) and SCR3.130–8.1(b) in KBA File No. 18055.

2. Charles C. Leadingham is adjudicated guilty of violating SCR 3.130–1.3, SCR 3.130–1.4(a) and (b), SCR 3.130–1.16(d), SCR 3.130–3.4(c), and SCR 3.130–8.1(b) in KBA File No. 18192.

3. Charles C. Leadingham is hereby suspended from the practice of law in the Commonwealth of Kentucky for a period of three years. Said suspension is to be served **consecutive to** any and all suspensions ordered prior to, or the same date as, this suspension.

4. Pursuant to SCR 3.390, Charles C. Leadingham shall send letters to all Courts in which he has matters pending, if any, and to all clients whom he is actively representing, if any, within ten days of this Opinion and Order, notifying them of his inability to continue to represent them and advising them of the necessity of retaining new counsel. Charles C. Leadingham shall also provide a copy of such letters to the Director of the KBA and cease advertising activities, if any.

5. Pursuant to SCR 3.450, Charles C. Leadingham is ordered to pay restitution of the unearned fees to the above clients in each case or to the Client Security Fund.

6. Charles C. Leadingham shall pay the costs of this disciplinary proceeding, said sum being $623.16, for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: AUGUST 26, 2010.

/s/ John D. Minton, Jr.

7. *Kentucky Bar Ass'n v. Leadingham*, 269 S.W.3d 419 (Ky.2008).

8. *Leadingham v. Kentucky Bar Ass'n*, 44 S.W.3d 374 (Ky.2001).

Chief Justice