KENTUCKY BAR ASSOCIATION,
Movant,

v.

Charles C. LEADINGHAM,
Respondent.

No. 2010–SC–000673–KB.

Supreme Court of Kentucky.

Jan. 20, 2011.

*OPINION AND ORDER*

Charles C. Leadingham, KBA Member Number 82296, was admitted to the practice of law in the Commonwealth of Kentucky on October 30, 1987. His Bar Roster address is 215 15th Street, P.O. Box 387, Ashland, Kentucky 41105. Before the

Court is the Board of Governors' Findings of Fact, Conclusions of Law and Recommendations of October 18, 2010, which found the Respondent guilty, by default, of Charge No. 18277 and Charge No. 18335. The Board of Governors consolidated the charges for purposes of considering appropriate discipline and recommended that Respondent be permanently disbarred from the practice of law. Both Charges include five counts each and were before the Board of Governors by default, and are before this Court pursuant to SCR 3.370(10) (no request for review nor issuance of a notice of review). Therefore, we adopt the decision of the Board of Governors.

## KBA File No. 18277

The first Charge before us involved five counts against the Respondent. In December of 2008, Respondent was paid $3,500.00 to represent a defendant who was facing felony charges in Boyd County. The fee was paid by the defendant's parents. Respondent made an initial court appearance to waive the defendant's case to the grand jury. Subsequently, Respondent was suspended from the practice of law by this Court (on March 19, 2009).[1] Respondent did not notify the client of his suspension and of the fact that he could no longer represent the client. Numerous phone calls to the Respondent were unanswered. After the defendant was indicted, Respondent had another attorney cover the arraignment. Respondent never withdrew his representation nor did he address a refund or an accounting to determine how much of the retainer was earned before the suspension.

The defendant filed a Bar Complaint against the Respondent on December 9,

2009. Respondent was served by certified mail on December 23, 2009, with the complaint and a letter from the Disciplinary Clerk requesting additional information under the threat of an additional charge or count if Respondent failed to answer. Respondent failed to respond to the complaint or to the request for additional information. Based on the above facts, Respondent was issued a charge by the Inquiry Commission on July 16, 2010. Count I charged Respondent with a violation of SCR 3.130–1.3 (which requires a lawyer act with reasonable diligence and promptness),[2] for his failure to do any work on the case from December 2008, until his suspension, and for his failure to promptly withdraw from representation when he was suspended. Count II charged Respondent with a violation of SCR 3.130–1.4(a) (which requires a lawyer keep a client reasonably informed about the status of his case and to promptly reply to requests for information), for not returning the defendant's or the defendant's parents' phone calls-or otherwise communicating with them. Count III charged Respondent with a violation of SCR 3.130–1.15(b) (which requires refunding any advance fee not earned), for not refunding the fee. Count IV charged Respondent with a violation of SCR 3.130–1.16(d) (which requires that upon termination of the representation, the lawyer take reasonable steps to protect a client's interest, such as giving reasonable notice to the client, allowing time to employ other counsel, surrendering client property and papers, and returning unearned fees). It is alleged that Respondent did not notify the client or the court of his suspension, did not return papers nor return

---

1. *Kentucky Bar Ass'n v. Leadingham*, 281 S.W.3d 284 (Ky.2009) (2008–SC–000934–KB).

2. All citations are to the Rules prior to the July 15, 2009, amendments.

any unearned fee. Count V charged Respondent with a violation of SCR 3.130–8.1(b) (which requires a lawyer to respond to a lawful demand for information from a disciplinary authority), for failing to answer the Charge or the request for additional information.

Respondent could not be personally served because he had moved to Florida. The Charge was forwarded to the KBA Director for service pursuant to SCR 3.175(2). When no response was received, a reminder letter was sent on August 16, 2010, to Respondent's Bar Roster address. Again, Respondent did not respond, and the Board of Governors found the Respondent guilty of all counts in this charge by default.

### KBA File No. 18335

■ In the second Charge before us, the Respondent was paid $7,500.00 on December 28, 2006, by a woman to represent her son in an attempt to obtain post-conviction relief from a federal conviction. Respondent visited the son in prison in Hazelton, West Virginia, one time, on April 17, 2007. Respondent did not enter an appearance or file any documents in any court on behalf of this defendant. The son wrote to Respondent multiple times but only received one response. Likewise, the mother was not provided with any information on the case except to say Respondent visited the son twice, when in fact it was once. Again, the Respondent was suspended from the practice of law by this Court on March 19, 2009.[3] On March 25, 2009, Respondent sent the mother a letter informing her that he was under suspension and could not represent her son. No such letter was sent to the son. Later, Respondent did tell the mother that he

would resume work on her son's case following the end of his suspension. Respondent was never reinstated, and did not return any unearned fee. The mother believes the Respondent may have earned $1,000.00 of the fee she paid.

A Bar Complaint was filed against the Respondent. He was personally served with the Bar Complaint on March 12, 2010, along with a letter from the Disciplinary Clerk that the Inquiry Commission required additional information from him concerning the complaint, and that failure to respond could result in additional charges. Respondent failed to respond and was served with a reminder letter and the Complaint at an address other than his bar roster address. Respondent did not respond to the reminder letter with the same information request, nor answer the Complaint.

A Charge was issued by the Inquiry Commission against the Respondent on August 11, 2010. This Charge also contained five counts. Count I charged Respondent with a violation of SCR 3.130–1.3 (which requires a lawyer act with reasonable diligence and promptness in representing a client),[4] for his failure to do any of the work on the son's case for which he was hired to perform. Count II charged Respondent with a violation of SCR 3.130–1.4(a) (which requires a lawyer keep a client reasonably informed about the status of his case and to promptly reply to requests for information), for not returning the mother's or the son's phone calls-or otherwise communicating with them. Count III charged Respondent with a violation of SCR 3.130–1.15(b) (which requires refunding any advance fee not earned), for not refunding the fee. Count IV charged Respondent with a vio-

---

3. *Leadingham,* 281 S.W.3d 284.

4. Again, all citations are to the Rules prior to the July 15, 2009, amendments.

lation of SCR 3.130–1.16(d) (which requires that upon termination of the representation, the lawyer take reasonable steps to protect a client's interest, such as giving reasonable notice to the client, allowing time to employ other counsel, surrendering client property and papers, and returning unearned fees). Count V charged Respondent with a violation of SCR 3.130–8.1(b) (which requires a lawyer to respond to a lawful demand for information from a disciplinary authority), for failing to answer the Charge or the request for additional information.

The Charge could not be served personally because Respondent moved to Florida. The Charge was forwarded to the KBA Executive Director for service pursuant to SCR 3.175(2). Service was completed on August 13, 2010, and no answer or response was ever filed. By default, the Board of Governors found Respondent guilty of all five counts in this Charge.

## Prior Discipline

The Board of Governors reviewed the Respondent's file of prior disciplines to determine the appropriate discipline in these two combined cases:

1.  May 24, 2001,[5] Respondent was issued a public reprimand for failing to respond to a client's requests for information and failing to inform the client that he no longer represented the client.

2.  November 26, 2008,[6] Respondent was suspended for thirty days, pro-bated on the condition that he attend the Ethics and Professionalism Enhancement Program in 2009 with costs. The suspension was for his failure to file briefs in two separate appeals and failure to respond to the bar complaint.

3.  March 19, 2009,[7] Respondent was suspended for sixty-one days for four violations of the Rules of Professional Conduct. Respondent failed to file a lawsuit after being hired to do so (SCR 3.130–1.3), failed to return his client's telephone calls (SCR 3.130–1.4), failed to return money to the client (SCR 3.130–1.15(b)), and failed to respond to the Bar Complaint (SCR 3.130–8.1(b)).

4.  January 21, 2010,[8] Respondent was suspended from the practice of law for 120 days, retroactive to May 20, 2009, for his representation in two previous cases. The facts as found by the trial commissioner, which we adopted, found that Respondent was accepting fees from clients and not doing the work.

5.  August 26, 2010,[9] Respondent was suspended from the practice of law for 181 days, concurrent to any suspensions ordered prior to the date of this order, for failing to return an unearned fee and for failing to respond to a bar complaint. Restitution and costs were ordered.

6.  August 26, 2010,[10] Respondent received a second suspension for 181

5.  *Leadingham v. Kentucky Bar Ass'n*, 44 S.W.3d 374 (Ky.2001) (2001–SC–000275–KB).

6.  *Kentucky Bar Ass'n v. Leadingham*, 269 S.W.3d 419 (Ky.2008) (2008–SC–000522–KB).

7.  *Leadingham*, 281 S.W.3d 284 (2008–SC–000934–KB).

8.  *Kentucky Bar Ass'n v. Leadingham*, 302 S.W.3d 79 (Ky.2010) (2009–SC–000765–KB).

9.  *Kentucky Bar Ass'n v. Leadingham*, 317 S.W.3d 583 (Ky.2010) (2010–SC–000262–KB).

10. *Kentucky Bar Ass'n v. Leadingham*, 317 S.W.3d 589 (Ky.2010) (2009–SC–000815–KB).

days, consecutive to all other suspensions ordered prior to, or on the same date as this suspension. This suspension was for failing to diligently represent clients in two separate appeals, and knowingly or intentionally disobeying an obligation under the rules for failing to respond to the orders of the Court of Appeals.

7. August 26, 2010,[11] saw a third suspension in one day for Respondent. He received a three-year suspension from the practice of law, consecutive to all other suspensions ordered prior to, or the same date as this suspension, for misconduct in two separate cases. Both cases involved Respondent accepting fees, not keeping clients informed, not doing the work, and then not returning fees. To compound the problems, Respondent would not answer the bar complaints.

### Board's Recommendation

■ After reviewing and considering Respondent's prior disciplines, the Board of Governors recommended the Respondent be permanently disbarred from the practice of law in this Commonwealth, and be ordered to pay restitution for unearned fees to his clients (or to the Client Security Fund as the cases may be) and the costs of this proceeding. Respondent did not respond to the Board of Governors' recommendation to this Court, and this Court has elected not to issue a notice of review. Therefore, under SCR 3.370(10), this Court shall enter an order adopting the decision of the Board.

ACCORDINGLY IT IS HEREBY ORDERED that:

1. Charles C. Leadingham is adjudicated guilty of all five counts in Charge No. 18277.

2. Charles C. Leadingham is adjudicated guilty of all five counts in Charge No. 18335.

3. Charles C. Leadingham is hereby permanently disbarred from the practice of law in the Commonwealth of Kentucky.

4. Pursuant to SCR 3.390, Charles C. Leadingham shall send letters to all Courts in which he has matters pending, if any, and to all clients whom he is actively representing, if any, within ten days of this Opinion and Order, notifying them of his inability to continue to represent them and advising them of the necessity of retaining new counsel. Charles C. Leadingham shall also provide a copy of such letters to the Director of the KBA and cease advertising activities, if any.

5. Charles C. Leadingham is ordered to pay restitution of the unearned fees to the above clients in each case or to the Client Security Fund.

6. Pursuant to SCR 3.450, Charles C. Leadingham shall pay the costs of this disciplinary proceeding, said sum being $576.92, for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: January 20, 2011.

/s/ <u>John D. Minton, Jr.</u>
    Chief Justice

---

11. *Kentucky Bar Ass'n v. Leadingham*, 318 S.W.3d 598 (Ky.2010) (2010–SC–000420– KB).