TO BE PUBLISHED

# Supreme Court of Kentucky FINAL

DATE 3/14/19 Kim Redmon, DC

2018-SC-000149-KB

KENTUCKY BAR ASSOCIATION                    APPELLANT


V.                        IN SUPREME COURT


JASON THOMAS BUTLER                         APPELLEE


## OPINION AND ORDER

The Board of Governors voted to recommend that Bar Member, Jason Thomas Butler,[1] be found guilty of violating SCR 3.130(3.4)(c)[2] for knowingly disobeying an obligation to the KBA to provide medical records in connection with a proceeding which had been initiated against him based upon a complaint by a client.

As the disciplinary punishment for the violation, the Board of Governors recommended as follows: "Suspend for 30 days but waive the suspension if the

---

[1] Butler, was admitted to the practice of law in the Commonwealth of Kentucky October 17, 2003. His KBA Member No. is 89783 and his address is listed on the Bar Roaster as 2745 Grinstead Drive, Apt. 108, Louisville, Kentucky 40206-2696.

[2] ("A lawyer shall not knowingly disobey an obligation under the rules of a tribunal except for an open refusal based on an assertion that no valid obligation exists."). See also SCR 3.130 (8.1)(b) ("A lawyer shall not knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority.").

Respondent produces the medical records that document the illness he claimed. Respondent shall attend the Ethics and Professionalism Enhancement Program (EPEP)."

The Office of Bar Counsel[3] does not challenge the finding of guilt, but instead argues that the waiver procedure the Board incorporated into its disciplinary recommendation is not a sanction permitted under the Supreme Court Rules, and further is not sufficiently clear to provide for proper enforcement because it does not include a time limitation for Butler to provide his supporting medical records.[4] Bar Counsel argues that the sanction is not permitted under SCR 3.380(1)[5], nor is it specific enough to provide for proper enforcement.

We agree that when the Board of Governors includes a filing requirement within its disciplinary recommendation it should, of course, include a time limit for filing the requested material. A fundamental element of due process is a notice requirement sufficient to inform the affected party of what he is

---

[3] We again note that the Office of Bar Counsel continues to refer to itself as "the KBA." Bar Counsel is but a division of the Kentucky Bar Association. Accuracy in its pleadings to this Court compels that it refrains from referring to itself as "the KBA."

[4] "Within thirty (30) days after the Board's decision is filed with the Disciplinary Clerk, Bar Counsel or the Butler may file with the Court a Notice for the Court to review the Board's decision stating reasons for review, accompanied by a brief, not to exceed thirty (30) pages in length, supporting his/her position on the merits of the case. The opposing party may file a brief, not to exceed thirty (30) pages in length, within thirty (30) days thereafter. No reply brief shall be filed unless by order of the Court." SCR 3.370(7).

[5] "Upon findings of a violation of these rules, discipline may be administered by way of private reprimand, public reprimand, suspension from practice for a definite time, all of which may be with or without such conditions as the Court may impose, or permanent disbarment."

required to do; a component of that is a specific date by which he must act to avoid further sanctions. In situations like this, the Board of Governors should include a filing deadline in its recommendation. *Department of Revenue, Finance and Admin. Cabinet v. Wade*, 379 S.W.3d 134 (Ky. 2012) (The essential requirements of due process are notice and an opportunity to respond).

However, the issue is now moot. In the absence of a specific date, it is fundamental that a reasonable time period will be imputed as constituting the compliance deadline. *U.S. Bond & Mortg. Corp. v. Berry*, 249 Ky. 610 (Ky.1933) (Where agreement does not specify time within which promisor must comply with agreement, law implies reasonable time). But by any measure of "reasonableness," Butler is in violation because he has yet to provide his medical records.

This case originated with a client complaint to which Butler failed to timely respond. The Inquiry Commission resolved the client complaint in Butler's favor but charged him with the failure to timely respond to the allegation. The failure to respond charge was resolved by the issuance of an Order of Private Admonition with Conditions in July 2016. Among the conditions was the requirement that Butler provide the medical records documenting the health issues that allegedly prevented him from complying with the Bar Complaint response and to complete the Ethics and Professionalism Enhancement Program on April 21, 2017. Butler once again failed to respond so, the Inquiry Commission withdrew the Private Admonition and issued the present charge in February 2017.

In summary, Butler was directed to provide the relevant medical records in July 2016. On March 23, 2018, the Board again issued its disciplinary recommendation requiring the filing of the medical records. Five more months have passed without compliance. We can only conclude that a reasonable time has passed for Butler to comply with the obligation to file his medical records.

In light of Butler's failure to comply with the imposed conditions, and upon review of the record, we are persuaded that the 30-day suspension assessed in this case is reasonable and should be imposed. In reaching this conclusion, we note that Butler was also suspended from the practice of law for nonpayment of dues in January 2017. See also *KBA v. Leadingham*, 269 S.W.3d 419 (Ky. 2008) (thirty day suspension imposed for violating SCR 3.130(3.4)(c) and SCR 3.130(8.1)(b) probated on the condition he attend ethics program). Butler repeatedly ignored the Charge against him and the Board's request for records documenting the medical illness that he claimed prevented him from proper representation of his client.

For the foregoing reasons, it is hereby ORDERED:

1. Butler, Jason Thomas Butler, is found guilty of violating SCR 3.130 (3.4)(c).

2. Butler is suspended from the practice of law for thirty days.

3. Butler's reinstatement is conditioned upon his attendance at the KBA's Ethics and Professionalism Enhancement Program.

4. In accordance with SCR 3.450, Butler is directed to pay all costs associated with these disciplinary proceedings against him, said sum

4

being $439.86, for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.


ENTERED: AUGUST 16, 2018.


CHIEF JUSTICE