TO BE PUBLISHED

# Supreme Court of Kentucky

2025-SC-0314-KB

IN RE: COLIN DOAN EDMUNDSON

IN SUPREME COURT

### **OPINION & ORDER**

This case is before the Court upon the Board of Governors' (Board) recommendation to suspend Colin Edmundson from the practice of law for 181-days after being found guilty by default of numerous violations in several cases. Supreme Court Rule (SCR) 3.210. His bar number is 98735, and his listed bar address is 908 Minoma Avenue, Louisville, 40217. Pursuant to SCR 3.370(10), we may adopt the findings and conclusions of the Board when no notice of review has been given. *Kentucky Bar Ass'n v. Leadingham*, 318 S.W.3d 598, 599 (Ky. 2010). We do so now and impose the 181-day suspension upon Edmundson.

### I. Underlying Facts and Conclusions of Law

In the first underlying case, 23-DIS-0221, Edmundson was appointed Guardian ad Litem in a trio of family court cases. On June 7, 2023, Edmundson filed a motion to sever all visitation between Ronald Simpson and his three children. The entirety of that motion constituted one complete introductory sentence and a second incomplete sentence reading, "In support of the instant motion, the undersigned states the following: 1. At the outset of

this case, Respondent Father had a nonexistent . . . ." In a stupefying turn of the events, the family court granted the motion. Simpson attempted to contact Edmundson several times after Edmundson relayed the order to him by phone and email. Edmundson never responded. Simpson stated in his complaint that prior to the order he had a good relationship with his children and that Edmundson had never interviewed or spoke with him prior to filing his motion to sever visitation.

Service of the Complaint was attempted at Edmundson's listed bar address but was incapable of being completed as the occupant stated Edmundson did not maintain an office there. He was served at the Jefferson County Courthouse on September 9, 2023, but failed to participate in the proceedings. On December 20, 2023, Edmundson was formally charged with violations of SCR 3.130(3.1),[1] 3.130(3.3)(a)(1),[2] 3.130(8.1)(b),[3] and 3.130(3.4)(c).[4] Service of the charges was made on January 25, 2024, and

---

[1] "A lawyer shall not knowingly bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis in law and fact for doing so that is not frivolous, which includes a good faith argument for an extension, modification or reversal of existing law."

[2] "A lawyer shall not knowingly: make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer[.]"

[3] A lawyer, in connection with a disciplinary matter, shall not "fail to disclose a fact necessary to correct a misapprehension known by the person to have arisen in the matter, or knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority, except that this Rule does not require disclosure of information otherwise protected by Rule 1.6."

[4] "A lawyer shall not: knowingly disobey an obligation under the rules of a tribunal except for an open refusal based on an assertion that no valid obligation exists[.]"

2

Edmundson again failed to respond. Submission of the charges occurred on July 22, 2024. The Board unanimously found Edmundson guilty of all charges.

In the second disciplinary case, 23-DIS-0347, Edmundson filed a civil claim on behalf of Jeremy Brady a day after the statute of limitations had run. The civil case was ultimately dismissed upon those grounds. In an additional case, Edmundson was retained by Bridget Thompson to file a claim against an estate. Edmundson failed to file the claim in the appropriate amount of time. In each case, Edmundson failed to maintain contact with his clients at his listed address or by phone. On January 25, 2024, he was served with the complaint. On May 18, 2014, formal charges of violations were issued, to wit: two counts of SCR 3.130(1.3),[5] two counts of 3.130(1.4)(a)(3),[6] one count of 3.130(3.4)(c), and one count of 3.130(8.1)(b). Edmundson was served with the charges on May 21, 2024, and failed to respond. Submission occurred on July 22, 2024. The Board unanimously found him guilty on all charges.

In the third disciplinary case, 23-DIS-0377, Edmundson was retained by Elizabeth Sharp in a negligence action and paid $357.00 against State Farm Insurance Company. Edmundson informed Sharp he would send a strongly worded letter to State Farm and follow up with a phone call. He failed to do either. Sharp was unable to further contact Edmundson by phone call or text

---

[5] "A lawyer shall act with reasonable diligence and promptness in representing a client."

[6] "A lawyer shall: keep the client reasonably informed about the status of the matter[.]"

3

message. Sharp filed a complaint on December 13, 2023, and Edmundson was served on February 1, 2024. He failed to respond. On March 18, 2024, formal charges were issued alleging violations of SCR 3.130(1.3), 3.130(1.4)(a)(3), 3.130(1.16)(d),[7] 3.130(3.4)(c), and 3.130(8.1)(b). Edmundson was served on May 21, 2024, and failed to respond. Submission occurred on July 22, 2024. The Board unanimously found him guilty of all charges.

The fourth disciplinary case, 24-DIS-0016, Brittany McLemore retained Edmundson for help in a family law matter. She paid a retainer of $500 through Cash App. Edmundson failed to appear in any of the matters before the family court, did not make any filings on her behalf, and was unable to be contacted by McLemore. She demanded return of the retainer, but Edmundson failed to respond. When McLemore attempted to claw back the $500 through Cash App by reversing her payment, Edmundson did not approve the reversal. A complaint was filed on January 16, 2024, and Edmundson was served on February 1, 2024. He did not respond. On March 18, 2024, formal charges were issued alleging violations of SCR 3.130(1.3), 3.130(1.4)(a)(3), 3.130(1.16)(d), 3.130(3.4)(c), and 3.130(8.1)(b). Edmundson was served on May 21, 2024, and did not respond. Submission occurred on July 22, 2024. The Board unanimously found him guilty of all charges.

---

[7] "Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred."

In the final disciplinary case, 24-DIS-0194, Latasha Saxton, as Power of Attorney for her brother, retained Edmundson to file a Kentucky Rule of Criminal Procedure (RCr) 11.42 motion for her incarcerated brother. Saxton submitted evidence in her complaint demonstrating a total payment of $3,500, although the formal charge would only allege an installment payment of $1,035. Regardless, Edmundson failed to file the motion and could not be further contacted by Saxton. He failed to return any money he received. Saxton filed a complaint on June 28, 2024. Edmundson was served on August 2, 2024. He failed to respond.

On November 6, 2024, formal charges were issued alleging violations of SCR 3.130(1.3), 3.130(1.4)(a)(3), 3.130(1.16)(d), 3.130(3.4)(c), and 3.130(8.1)(b). Edmundson was constructively served on January 15, 2025. He failed to respond. Submission occurred on March 6, 2025. The Board unanimously found him guilty of all charges.

Edmundson has been indefinitely suspended from the practice of law since June 13, 2024, regarding his failure to respond in the Simpson case. *In Re Edmundson*, 694 S.W.3d 313 (Ky. 2024). Prior to that, he had been suspended for failure to comply with Continuing Legal Education requirements. *Id.* at 313. In support of the discipline in this case, the Board relied upon *In Re Oliver*, 701 S.W.3d 176 (Ky. 2024). In that case, we imposed a 181-day suspension when Oliver committed similar ethical violations in three underlying disciplinary cases. *Id.* at 180. We agree *In Re Oliver* is good authority and factually consonant with the underlying facts in this case.

5

Additional cases in support are *Kentucky Bar Ass'n v. Quesinberry,* 250 S.W.3d 308 (Ky. 2008) and *Kentucky Bar Ass'n v. Stevenson,* 2 S.W.3d 789 (Ky. 1999). In all three cases, involving similar rules violations, a 181-day suspension was imposed in a default case.

ACCORDINGLY, the Court ORDERS:

(1) Respondent, Colin Doan Edmundson, is adjudged guilty on all counts and hereby is suspended from the practice of law for one hundred and eighty-one (181) days from the date of this Opinion and Order;

(2) Because Edmundson's suspension exceeds 180 days, he must fulfill all relevant requirements under SCR 3.502 for reinstatement;

(3) Pursuant to SCR 3.390, Edmundson, if he has not already done so, shall, within twenty days from the entry of this Opinion and Order, notify all clients in writing of his inability to represent them, and notify all courts in which he has matters pending of his suspension from the practice of law, and furnish copies of said letters to the Office of Bar Counsel. Pursuant to SCR 3.390(2), Edmundson shall, to the extent possible, immediately cancel and cease any advertising activities in which he is engaged;

(4) During the time of his suspension, Edmundson shall not accept new clients or collect unearned fees;

(5) Edmundson shall immediately refund $357.00 to Elizabeth Sharp; $500.00 to Brittany McLemore; and $3,500.00 to Latasha Saxton;

(6) Edmundson shall attend, at his expense, and successfully complete the Ethics and Enhancement Professionalism Program (EPEP);

6

(7) In accordance with SCR 3.450, Edmundson is directed to pay all costs associated with these disciplinary proceedings, in the amount of $886.69, for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. Lambert, C.J.; Bisig, Conley, Goodwine, Keller, and Nickell, JJ.; concur. Thompson, J., concurs in result only.

ENTERED: September 18, 2025

_____
CHIEF JUSTICE