TO BE PUBLISHED

𝔖upreme 𝔒ourt of 𝔎entucky

**FINAL**

2014-SC-000056-KB

DATE 4-29-14 Ɛₙₜ Gₙₒᵤₜ D.C

WILLIAM DAVID RYE                                                                  MOVANT
KBA MEMBER NO. 88550


V.                                       IN SUPREME COURT


KENTUCKY BAR ASSOCIATION                                          RESPONDENT


## OPINION AND ORDER

William David Rye was admitted to the practice of law in the Commonwealth of Kentucky on October 23, 2000. Rye's bar roster address is P.O. Box 1039, Hopkinsville, Kentucky 42241, and his Kentucky Bar Association ("KBA") member number is 88550. On February 6, 2014, the KBA's Board of Governors ("Board") filed its Findings of Fact, Conclusions of Law, and Recommendations relating to charges against Rye in KBA File No. 14267. Neither party has filed with this Court a notice to review the Board's decision pursuant to Supreme Court Rule ("SCR") 3.370(8). In addition, we decline the opportunity to review the Board's decision per SCR 3.370(9).

This disciplinary action arises from Rye's representation of a juvenile on charges of kidnapping and sexual abuse. On October 11, 2011, the juvenile's mother hired Rye to defend her son. Shortly thereafter, Rye began representing

a co-defendant in the same case. The juvenile and his mother alleged that Rye failed to not only obtain their informed consent, but neither party was informed of the potential conflict.

It was not until Rye and both of his clients began reviewing taped police interviews that he realized an actual conflict existed. As a result, on October 22, 2012, Rye informed the trial court of the conflict and requested that he be allowed to withdrawal as counsel for both clients. The trial court granted Rye's motion.

In December of 2012, the juvenile filed a bar complaint against Rye. The following month, Rye filed a response with the Office of Bar Counsel ("OBC"). Rye stated that he notified the juvenile of his representation of the co-defendant and discussed the conflicts associated with dual representation in criminal matters. On February 12, 2013, the OBC sent a letter to Rye asking the following question: "Did you have the informed consent, of both parties, in writing, following your meeting with them to explain the potential conflict of interest?" Rye failed to answer the question. The OBC made two more subsequent attempts to obtain a response, one of which was served by the Christian County Sheriff's Department. Both attempts went unanswered.

On July 8, 2013, the Inquiry Commission issued a formal Charge containing the following counts of disciplinary violations: Count I, SCR 3.130-1.4(a)(1) (failure to promptly inform client of a circumstance requiring the client's informed consent, and failure to inform client of representation of a

co-defendant); Count II, SCR 3.130-1.4(b) (failure to keep client reasonably informed); Count III, SCR 3.130-1.7(a) (representing clients with a concurrent conflict of interest); and Count IV, SCR 3.130-8.1(b) (failure to respond to a request for information from disciplinary authority). Rye declined to answer the Charge.

The Board voted on Rye's Charge on November 15, 2013. The Board unanimously agreed that Rye was not guilty of committing Counts I and II of the Charge. By a vote of eight to eleven, the Board found Rye not guilty of Count III. Lastly, the Board unanimously found Rye guilty of Count IV, failure to respond to the OBC's requests for information in violation of SCR 3.130-8.1(b).

Ultimately, the Board recommended Rye be suspended from the practice of law in this Commonwealth for thirty (30) days, probated for two years. Rye's probated suspension was conditioned upon him not receiving any additional disciplinary charges and completing the Ethics and Professionalism Enhancement Program. In coming to this conclusion, the Board considered previous disciplinary actions against Rye. For example, Rye had received a private admonition in October of 2007. Rye also received a public reprimand in April of 2011.

This Court hereby adopts the Board's findings and recommendations pursuant to SCR 3.370(10). Rye failed to answer the Charge submitted by the Inquiry Commission and failed to contest the Board's conclusions. Furthermore, Rye offers no defense or argument for why this Court should

3

not adopt the Board's finding of guilt. Thus, this Court agrees that Rye is guilty of violating SCR 3.130-8.1(b).

Generally, "[a] single violation of SCR 3.130-8.1(b) has previously warranted the sanction of a public reprimand." *Kentucky Bar Ass'n v. Leadingham,* 269 S.W.3d 419, 421 (Ky. 2008) (citing *Kentucky Bar Ass'n v. Beal,* 169 S.W.3d 860 (Ky. 2005)). However, in light of Rye's disciplinary history and given that he has already been publicly reprimanded in the past, we believe a thirty (30)-day suspension, probated for two (2) years, is appropriate. *Id.* at 421.

Therefore, it is ORDERED that:

1. William David Rye, KBA Member No. 88550, is guilty of violating SCR 3.130–8.1(b).

2. Rye is hereby suspended from the practice of law in this Commonwealth for a period of thirty (30) days, probated for two (2) years, effective upon the date of entry of this Order.

3. Rye's probated suspension is conditioned upon him completing the Ethics and Professionalism Enhancement Program.

4. Rye's probated suspension is further conditioned upon him not receiving future formal disciplinary charges.

5. Pursuant to SCR 3.450, Rye is directed to pay all costs associated with this disciplinary proceeding, in the amount of $358.92, for which execution may issue from this Court upon finality of this Order.

4

All sitting.  All concur.

ENTERED:  April 17, 2014.

_____
CHIEF JUSTICE