# Supreme Court of Kentucky

2016-SC-000467-KB

TO BE PUBLISHED

FINAL

DATE 11/1/16 Kim Redman, DC

MAUREEN ANN SULLIVAN                                              MOVANT
KBA MEMBER NO. 84041


V.                          IN SUPREME COURT


KENTUCKY BAR ASSOCIATION                                      RESPONDENT


## OPINION AND ORDER


Pursuant to SCR 3.480(2), Movant, Maureen Ann Sullivan, moves this Court to impose a thirty (30) day suspension from the practice of law for her admitted violations of the Rules of Professional Conduct, probated for two (2) years on the condition that she not receive any new charges from the Inquiry Commission during her probationary period. The Kentucky Bar Association (KBA) has no objection to this negotiated discipline.

Finding this agreed upon disciplinary sanction to be appropriate under the facts of this case, we grant Movant's motion. Movant's KBA member number is 84041 and her bar roster address is 1916 Harvard Drive, Louisville, Kentucky 40205. Movant was admitted to the practice of law in the Commonwealth of Kentucky on October 17, 1991.

## KBA FILE 21740

Movant was suspended from the practice of law on January 23, 2013, for failure to pay her bar dues. Thereafter, Movant submitted a proper application for restoration, paid the required fee and unpaid bar dues, and certified that she had no pending disciplinary matters. However, Movant failed to notify all clients and courts of her suspension in accordance with her notice of suspension. The KBA Inquiry Committee conducted an investigation into Movant's failure to communicate her suspension to current clients and her continued representation of clients. Movant failed to respond to multiple KBA inquiry letters. As a result, Movant was charged with violating Supreme Court Rule ("SCR") 3.130(1.4)(a)(5) (failure to consult with clients about limitations of representation); SCR 3.130(1.16)(d) (duties upon termination of representation); SCR 3.130(5.5) (unauthorized practice of law); and SCR 3.130 (8.1)(b) (failure to respond to disciplinary authority).

## KBA FILE 21833

On April 4, 2013, a $177.16 Verizon Wireless bill was automatically deducted from Movant's escrow account, which overdrew the account. Movant failed to respond to a subsequent request for information by Bar Counsel. The Inquiry Commission issued a complaint and Movant failed to respond. As a result, Movant was charged with violating SCR 3.130(1.15)(a) (failure to maintain funds in escrow); and SCR 3.130(8.1)(b) (failing to respond to lawful demands for information from a disciplinary authority).

2

On May 10, 2013, PNC Ban advised the KBA that Movant's client trust account was overdrawn by $156.70. Movant failed to respond to the multiple requests for information from Bar Counsel, and the Inquiry Commission issued a complaint as a result. Movant was charged with violating SCR 3.130 (1.15)(a) (failure to maintain funds in escrow); and SCR 3.130(8.1)(b) (failing to respond to lawful demands for information from a disciplinary authority).

Movant now moves this Court to impose a thirty (30) day suspension from the practice of law for her admitted violations of the Rules of Professional Conduct, probated for two (2) years on the condition that she not receive any new charges from the Inquiry Commission during her probationary period.

The KBA has no objection to the proposed discipline, which was negotiated pursuant to SCR 3.480(2). Upon review of the facts in this case and relevant case law, we find the proposed discipline appropriate. *See, e.g., Rye v. KBA*, 436 S.W.3d 202 (Ky. 2014).

Accordingly, it is hereby ORDERED that:

1. Movant, Maureen Ann Sullivan, KBA Member No. 84041, is found guilty of the above-described and admitted violations of the Rules of Professional Conduct;

2. Movant is suspended from the practice of law in the Commonwealth of Kentucky for thirty (30) days, probated for two (2) years under the condition that she commits no further ethical violations during the suspension period;

3

3. If Movant commits any ethical violations during the probationary period, the KBA should undertake appropriate filings with this Court to revoke the suspension period;

4. Movant shall timely satisfy all continuing legal education requirements;

5. Movant shall timely pay her KBA member dues;

6. Movant shall cooperate with the conditions of her treatment plan with the Kentucky Lawyer's Assistance Program (KYLAP); and

7. Pursuant to SCR 3.450, Movant is directed to pay all costs associated with these disciplinary proceedings for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: October 20, 2016.

_____
CHIEF JUSTICE

4