Travis O. MYLES, Movant,

v.

**KENTUCKY BAR ASSOCIATION, Respondent.**

**No. 2009–SC–000139–KB.**

Supreme Court of Kentucky.

April 23, 2009.

## OPINION AND ORDER

Pursuant to SCR 3.480(2), Movant, Travis O. Myles, Jr., moves the Court to dismiss certain counts of the charges against him and to impose the sanction of a suspension from the practice of law for 181 days, with thirty (30) days to serve, and the remainder to be probated for a period of five (5) years, subject to the conditions referenced herein. Movant admits he is guilty of violating the Rules of Professional Conduct as charged in KBA files 10868 (with the exception of Count II and IV), 10980, 11762 and 11835, which files were consolidated by Order entered April 29, 2008.

Movant was admitted to the practice of law on October 2, 1998, KBA Member No. 83814 and his bar roster address is 231 S. 5th Street, Suite 200, Louisville, Kentucky 40202–3231. The Kentucky Bar Association has no objection to Movant's motion because allowing Movant to probate all but 30 days of his suspension increases the likelihood that Ms. Hanish will receive her money and that he would avoid further disciplinary issues.[1] Thus, we now grant Movant's motion and impose the requested sanctions for the reasons set forth below.

## I. KBA FILE NO. 10868

On or about July 7, 2003, Movant received a check from the Social Security Administration made payable to his client Marshall Lawson, in the sum of $6,624.00. Movant deposited the check into his escrow account, and then cashed a check from the escrow account payable to himself in the amount of $1,811.25, for his attorney fee. An undated check in the amount of $4,812.75 was written to Mr. Lawson. Mr. Lawson attempted to cash his check on July 15, 2003, but there were insufficient funds in Movant's escrow account to cover the check. Mr. Lawson attempted to cash his check again on August 11, 2003, and again there were insufficient funds to pay the check. Mr. Lawson told Movant the check had not been honored.

On August 14, 2003, the Office of Bar Counsel (OBC) wrote to Movant requesting an explanation as to the bank-reported overdraft on his escrow account. The letter also requested documents including copies of any checks that were presented on insufficient funds. Movant acknowledges he did not respond to the letter.

On August 27, 2003, Movant deposited $6,624.52 into his escrow account. In a cashier's check dated August 28, 2003, Movant paid Mr. Lawson the money owed to him plus an additional amount to reimburse Mr. Lawson for the bank fees he had incurred because of the bad check. Mr. Lawson had been deprived of his funds from July 7, 2003 to August 28, 2003. During that same period, in addition to the attorney fee of $1,811.25 that he paid himself on Mr. Lawson's case, Movant wrote eight checks to himself from the escrow account totaling $6,550.00.

On October 13, 2003, Movant advised the OBC that the overdraft in his escrow account occurred because he inadvertently wrote checks from his escrow account in-

---

**1.** Additional disciplinary action would result in Movant being required to notify his individ-

ual clients of the suspension under SCR 3.390.

stead of his operating account. He also stated he had "immediately" transferred money from his operating account to his escrow account and given his client a certified check. In a letter dated November 14, 2003, the OBC requested Movant provide copies of his July and August 2003 escrow account statements. On February 10, 2004, the OBC sent a second request for the records. On April 15, 2005, the OBC sent Movant a letter requesting copies of other bank statements, checks, and deposit slips for his escrow account. Movant provided none of the documents. On August 8, 2005, the Inquiry Commission issued a subpoena duces tecum for the banking records. The records were received by the OBC on August 16, 2005.

Thereupon, the Inquiry Commission issued a four count Charge against Movant, charging him with violating SCR 3.130–1.15(b)(safekeeping property), –8.1(a), –8.1(b)(bar admission and disciplinary matters), and –8.3(c)(misconduct). Movant admits he violated SCR 3.130–1.15(b), as alleged in Count I, by failing to deliver Mr. Lawson's money to him in a timely manner or make a proper and full accounting of what he did with the funds he received on his client's behalf.

Movant admits violating SCR 3.130–8.1(b), as alleged in Count III, by failing to respond to the OBC's requests for bank statements, checks, and deposit slips from his escrow account.

Movant denies violating SCR 3.130–8.1(a), as alleged in Count II and SCR 3.130–8.3(c), as alleged in Count IV. Movant states that he accidentally wrote checks from his escrow account, rather than his operating account and requests dismissal of this charge. He also states that he deposited money into his escrow account and issued his client a certified check to cover the NSF check in a timely fashion, and his use of the word "immedi-

ately" was not a misrepresentation of the circumstances. Movant requests these charges be dismissed and the KBA, through the OBC, is of the opinion that the proof is inadequate to support these charges and, therefore, has no objection to their dismissal.

## II. KBA FILE NO. 10980

Movant entered into a Partnership Agreement with Sidney Hanish on October 15, 1998. Sidney Hanish died on February 13, 2000. Pursuant to the Partnership Agreement, Hanish was owed a significant amount of money in fees received by Movant, which had not been paid. Hanish's widow, Marilyn Hanish, filed suit on behalf of the Estate against Movant in Jefferson Circuit Court on May 30, 2001, to enforce the terms of the Partnership Agreement.

During the course of that suit, Movant filed with the Court a list of fees owed to Hanish's Estate, totaling $53,220.31. A copy of the list was attached to the Charge in this matter as KBA Exhibit 3. Marilyn Hanish requested a full accounting of the funds but Movant did not provide sufficient detail.

Moreover, Movant did not promptly pay Hanish's Estate the amounts owed from his portion of the fee. Movant asserts that Hanish gave him permission to use money that came into the office in the form of fees for the running of the office if the firm "fell on hard times." Movant acknowledges, however, that there is nothing in writing signed by either Movant or Hanish to support that statement.

Movant also acknowledges that advertisements appearing in the local phone book advertised the law firm as "Hanish and Myles PSC." Movant admits Hanish and Myles was never a professional service corporation, but a partnership.

The Inquiry Commission issued a three count Charge against Movant, charging him with violating SCR 3.130–1.15(a), – 1.15(b)(safekeeping property) and – 7.50(1)(firm names and letterhead). Movant admits violating SCR 3.130–1.15(a), as alleged in Count I, by commingling funds belonging to Hanish (fees received in connection with various representations) with the operating account of the law firm.

He admits violating SCR 3.130–1.15(b), as alleged in Count II, by failing to promptly deliver to Hanish, and later to his Estate, Hanish's portion of Movant's fees, and also failing to provide a full accounting of funds.

Movant also admits violating SCR 3.130–7.50(1), as alleged in Count III, by advertising the partnership as a professional service corporation.

### III. KBA FILE NO. 11762

On June 1, 2000, Diana Clark retained Movant to represent her and her grandson in a personal injury matter against a department store where they had been injured on May 27, 2000. The representation continued until Ms. Clark terminated it on February 2, 2004. After the initial meeting, Movant had no other meetings with Ms. Clark. Aside from two phone calls, there was no other communication between Movant and Ms. Clark.

Movant further admits he did not file the personal injury lawsuit prior to the expiration of the statute of limitations. Movant has since paid Ms. Clark $2,500.00 in an attempt to make her whole after having missed the statute of limitations.

Ms. Clark retained another attorney regarding the personal injury matter on January 26, 2004. Her new counsel sent letters to Movant on February 2, 2004, and April 16, 2004, informing Movant that he was representing Ms. Clark, requesting information about the case, and requesting Ms. Clark's file. Movant did not respond to the letters from Ms. Clark's new counsel.

Movant was served with Ms. Clark's Bar Complaint by Sheriff on July 28, 2004. He was served with a reminder letter by Sheriff on September 24, 2004. Movant never filed a response to the Bar Complaint.

The Inquiry Commission issued a five count Charge against Movant, alleging violations of SCR 3.130–1.1 (competence), –1.3 (diligence), –1.4(a) (communication), – 1.16(d) (declining or terminating representation), and –8.1(b) (bar admission and disciplinary matters). Movant now admits violating SCR 3.130–1.1 and –1.3, as alleged in Counts I and II, by failing to take any action on his clients' personal injury lawsuit prior to the expiration of the statute of limitations. He admits violating SCR 3.130–1.4(a), as alleged in Count III, by failing to adequately communicate with Ms. Clark about the personal injury matter, and by failing to return telephone calls to Ms. Clark. He also admits violating SCR 3.130–1.16(d), as alleged in Count IV, by failing to forward Ms. Clark's file to her new attorney upon termination of the representation. Movant admits violating SCR 3.130–8.1(b), as alleged in Count V, by failing to respond to the Bar Complaint.

### IV. KBA FILE NO. 11835

Janet and William McDonald retained Movant on July 30, 2000, to obtain a release of an easement that divides their property from a golf course. After agreeing to the representation, Movant did not communicate with Mr. and Mrs. McDonald from July 30, 2000, until the summer of 2003.

Mr. and Mrs. McDonald contacted Movant during the summer of 2003, at which time he informed them he had not yet drafted the release but would do so. Mr.

and Mrs. McDonald again contacted Movant in December of 2003 regarding the status of drafting the release. During the conversation, Movant requested that Mr. and Mrs. McDonald send him a copy of a particular deed, which they did on January 4, 2004.

Mr. and Mrs. McDonald next contacted Movant on March 6, 2004. Movant said he was in the process of filing the necessary paperwork and would obtain the release within a couple of weeks. Movant subsequently learned that another party might have an interest in the property and would have needed to sign the easement. Movant acknowledges the research to resolve this resulted in further delay and acknowledges the work was not completed. Movant has refunded the money he was paid to do the work.

The Inquiry Commission issued a two count Charge, alleging violations of SCR 3.130–1.3 (diligence) and –1.4(a) (communication). Movant admits he violated SCR 3.130–1.3, as alleged in Count I, by failing to draft the release of easement on behalf of Mr. and Mrs. McDonald. Movant admits he violated SCR 3.130–1.4(a), as alleged in Count II, by failing to adequately communicate with Mr. and Mrs. McDonald about the release of easement.

### Conclusion

Movant has admitted the violations set forth in each count of all charges, excepting Count II (alleging he knowingly made a false statement of material fact to the OBC) and Count IV (alleging he engaged in conduct involving fraud, dishonesty, deceit or misrepresentation) of KBA File 10868. Movant asks that these counts be dismissed and the KBA, through the OBC, is of the opinion that the proof is inadequate to support these charges and has no objection to their dismissal. Accordingly, these two charges are hereby dismissed.

Having admitted the remaining violations as set forth in each of the Charges, Movant has agreed to the imposition of discipline and requests this Court to impose upon him a suspension from the practice of law for a period of 181 days. Movant requests that all but thirty (30) days be probated for a period of five (5) years, subject to the conditions that he repay the sum of $53,220.31 to Marilyn Hanish, with payments to begin not later than thirty (30) days after entry of this Order. Moreover, Movant must receive no other disciplinary charges by the Inquiry Commission during the period of his probation.

In the event that Movant fails to comply with any of the terms of discipline set forth herein, upon motion of the OBC, this Court may impose the remaining one-hundred and fifty-one (151) day period of suspension, which will result in a total suspension of one hundred and eighty-one (181) days. Such a time period would require Movant to apply for reinstatement through the Character and Fitness Committee, pursuant to SCR 3.505 and SCR 3.510.

Further, we note that the negotiated sanction rule provides that the KBA may "object[ ] to the terms proposed...." SCR 3.480(2). Upon receiving such objection, "if the Court determines good cause exists, [it] shall remand the case for hearing or other proceedings specified in the order of remand." *Id.* However, the KBA has stated that it has no objection to the sanction proposed by Movant. Nevertheless, acceptance of the proposed negotiated sanction still falls within the discretion of the Court: "The Court may approve the sanction agreed to by the parties, or may remand the case for hearing or other proceedings specified in the order of remand." *Id.*

After reviewing the record, the standards, and the other authorities cited by

the KBA, this Court concludes that the discipline proposed by Movant is largely adequate.

In one respect, however, the Court finds that good cause exists to depart from the agreement. Specifically, as to repayment of Hanish's Estate, the Court finds the agreed upon terms of repayment are inadequate as neither a repayment period nor a rate of interest is specified in the motion. On this issue, we find the original judgments instructive and appropriate. It appears that the negotiated sum of $53,220.31 reflects the payment and interest structure of the underlying judgments in Action No. 01–CI–03680, styled *Marilyn Hanish, Executrix of the Estate of Sidney Hanish, Decease v. Travis O. Myles, Jr.*[2] Therefore, we hold that the outstanding amounts shall be paid according to the terms and interest imposed in the aforementioned judgments, but, in all events, all amounts must be paid in full no later than six months before the conclusion of the five-year probationary period, or within fifty-four (54) months of issuance of this Order. Thus, it is ORDERED that:

1. Movant will be suspended from the practice of law for a period of 181 days for violation of SCR 3.130–1.1, 1.15(a), – 1.15(b), –1.16(d), –1.3, –1.4(a), –7.50(1), – 8.1(b).

2. Pursuant to SCR 3.390, Movant shall notify all courts in which he has matters pending of his suspension from the practice of law, and notify all clients in writing of his inability to represent them and of the necessity and urgency of promptly retaining new counsel. Such notification shall be by letter duly placed in the United States mail within ten (10) days of the date of this order. Movant shall simultaneously provide a copy of all such letters to the Kentucky Bar Association. Furthermore, to the extent possible and necessary, Movant shall immediately cancel and cease any advertising activities in which he is engaged.

3. All but thirty (30) days of the suspension will be probated for a period of five years, subject to the conditions set forth herein.

4. Movant shall repay the sum of $53,220.31 to Hanish's Estate according to the terms and interest set out in the judgments herein before referred to, but in all events, said sums, plus interest, shall be repaid, in full, no later than fifty-four (54) months from the date hereof.

5. If Movant fails to comply with any of these terms of discipline as set forth herein, upon OBC's motion, the Court will impose the remaining one-hundred and fifty-one (151) day period of suspension, which will result in a total suspension of one hundred and eighty-one (181) days.

6. In accordance with SCR 3.450, Movant is directed to pay $365.26, the cost associated with this proceeding, for which execution may issue from this Court upon finality of this order.

7. If Movant is not willing to accept the sanction imposed by this Order, insofar as it differs from that requested by Movant, he may object to it. If Movant so objects,

---

**2.** Pursuant to an Order granting partial default judgment, liquidated damages were assessed against Movant in the principal sum of $30,000. The payments were set at six $5,000 principal sums, beginning October 28, 1998, and were subject to a 6% annual rate of interest. In addition, in a separate but concurrent Order within No. 01–CI–03680, a default judgment was entered against Movant on the issue of liability and accounting. Consequently, Hanish's Estate was entitled to recover later-determined damages, plus costs, including attorney fees. While no accounting was provided in the KBA file, the negotiated sum of $53,220.31 seems to represent the liquidated damages, plus the later-determined accounting damages, plus the Estate's cost.

this matter shall be remanded for further disciplinary proceedings pursuant to SCR 3.480(2).

All sitting. All concur.

ENTERED: April 23, 2009.

JOHN D. MINTON, JR.
Chief Justice