**Christopher L. STANSBURY, Movant**

v.

**KENTUCKY BAR ASSOCIATION, Respondent.**

**No. 2013–SC–000418–KB.**

Supreme Court of Kentucky.

Aug. 29, 2013.

### OPINION AND ORDER

Christopher L. Stansbury petitions this Court to impose the sanction of a 181–day suspension from the practice of law, with 61 days to be served and the balance probated upon the condition that he successfully complete the next Ethics and Professionalism Enhancement Program ("EPEP"), for his violations of Supreme Court Rule ("SCR") 3.130–1.3, SCR 3.130–

1.4(a)(3), SCR 3.130–1.4(a)(4), SCR 3.130–1.4(b), SCR 3.130–3.2, SCR 3.130–8.1(a), and SCR 3.130–8.4(c). The Kentucky Bar Association ("KBA") states no objection to this proposed discipline, which was negotiated pursuant to SCR 3.480(2). Finding the negotiated sanction appropriate, we grant Stansbury's motion. Stansbury, whose KBA number is 87899 and whose last known bar roster address is 213 S. Main Street, Suite 101, Nicholasville, KY 40356, was admitted to the practice of law in the Commonwealth of Kentucky on October 29, 1999.

### File 19360

In 2009, Stansbury represented Town and Country Bank of Nicholasville in a loan closing involving real estate in Ohio. Stansbury informed the bank that Gregory Van Zant, an Ohio attorney, had performed the title search and had given the authorization to proceed with the closing. Upon receiving this information, the bank closed on the loan on December 30, 2009. In actuality, Stansbury did not receive Van Zant's title opinion until January 6, 2010. The title opinion revealed two prior mortgages and a tax lien on the property.

The bank attempted to contact Stansbury six separate times over the course of four months in an effort to obtain the final title opinion. When emails to Stansbury went unanswered, the bank contacted Van Zant directly in November, 2010. Van Zant informed the bank that he had never given the authorization to close on the loan on December 30. In fact, it was on that date that Stansbury had first contacted Van Zant requesting the title exam. Van Zant provided the bank his final title report, updated as of November 4th, on November 5, 2010. Van Zant's second title opinion included two additional superior mortgages on the property.

The Inquiry Commission issued a five-count charge alleging that Stansbury violated SCR 3.130–1.3 (lack of diligence and/or promptness), SCR 3.130–1.4(a)(3) (failure to communicate with client), SCR 3.130–1.4(a)(4) (failure to comply with client's request for information), SCR 3.130–1.4(b) (failure to explain matters to client), and a SCR 3.130–8.4(c) (engaging in acts of fraud, deceit, dishonesty, or misrepresentation).

■ Stansbury admits that he violated these rules by failing to diligently represent the bank, by not obtaining a title opinion prior to closing, by failing to properly record the mortgage in Ohio, by failing to keep the bank reasonably informed about the matter, by not promptly replying to the bank's requests for information concerning the title opinion, by failing to convey information concerning the title opinion to the bank so that the bank could make informed decisions, and by misrepresenting the authorization to close when he had not received any authorization from the attorney who conducted the title search.

### File 19385

Stansbury represented a corporation in a civil action in Boyle Circuit Court. In August, 2009, Stansbury moved for summary judgment on his client's, the plaintiff's, claim and judgment on the pleadings with regard to a counterclaim filed against his client. The court granted both motions, but Stansbury failed to tender the proposed orders. The case remained open but inactive on the court's docket until the court issued a Notice to Dismiss for Lack of Prosecution on August 31, 2010. After receiving the Notice, Stansbury mailed his Response to the Notice to Dismiss for Lack of Prosecution on October 1, 2010. The response, which was subsequently returned for insufficient postage, was not

filed with the court prior to the October 7 hearing date. Stansbury never attempted to confirm that the response had been filed and, as a result, failed to appear at the dismissal hearing.

The client attempted to contact Stansbury, both by phone and in writing, regarding the status of the case prior to its dismissal. Stansbury, however, failed to respond to the client's inquiries. When he finally responded to the client, Stansbury did not explain that the case had been dismissed, but instead represented that he was waiting on a response from the court. When a bar complaint arising from the matter was filed, Stansbury claimed that he had tendered the proposed order and judgment to the court on four different occasions, all before the October 7, 2010 deadline. However, a former partner of Stansbury revealed that by accessing the firm's computer system, he had learned that Stansbury had created those documents on October 4, 2010.

The Inquiry Commission issued a six-count charge against Stansbury, alleging that he violated SCR 3.130–1.3 (lack of diligence and/or promptness), SCR 3.130–1.4(a)(3) (failure to communicate with a client), SCR 3.130–1.4(a)(4) (failure to comply with client's requests for information), SCR 3.130–3.2 (failure to expedite litigation), SCR 3.130–8.1(a) (making false statements in connection with a disciplinary matter), and SCR 3.130–8.4(c) (engaging in acts of fraud, deceit, dishonesty, or misrepresentation).

■ Stansbury admits that he engaged in the charged misconduct, which included his failure to tender the proposed order and judgment in a timely manner, permitting the file to remain open and inactive, failing to appear before the court, not accurately informing the client as to the status of the matter, failing to respond to the client's requests for information, failing to reasonably expedite the litigation, providing misleading information to the Office of Bar Counsel concerning the date of the proposed orders, and misrepresenting that he had tendered the orders to the court in a timely manner.

### Proceedings Before this Court

The Inquiry Commission consolidated Stansbury's files pursuant to SCR 3.260(1).[1] Stansbury now moves this Court to enter an order suspending him for 181 days, 61 days to be served and the balance probated upon the condition that he attend and successfully complete the KBA's Ethics and Professionalism Enhancement Program ("EPEP"), at his own expense, within one year of the entry of the order. The KBA states no objections to the proposed discipline, which were negotiated pursuant to SCR 3.480(2). Stansbury has no prior disciplinary history.

■ Upon review of the record and pertinent precedent,[2] this Court finds the proposed consensual discipline to be appropriate and declines further review. SCR 3.480(2). Therefore it is hereby ORDERED:

1. SCR 3.260(1) provides, in pertinent part, that: "Separate charges may, by order of the Inquiry Commission, be consolidated and tried as a single disciplinary case."

2. See *Kentucky Bar Association v. Leadingham*, 281 S.W.3d 284 (Ky.2009) (suspending an attorney sixty-one days after the attorney failed to file a complaint on a client's behalf and did not return any of the client's phone calls); *Myles v. Kentucky Bar Association*, 289 S.W.3d 561 (Ky.2009) (attorney received a 181-day probated suspension for various ethical violations, including his failure to take any action on a lawsuit prior to the expiration of the statute of limitations, and his failure to adequately communicate with his clients).

1. Christopher L. Stansbury is suspended from the practice of law in this Commonwealth for a period of 181 days, with 61 days to be served and the balance probated from the date of the Court's Order on the condition that he comply with the remainder of this Order;

2. Pursuant to SCR 3.390, Stansbury shall, within ten days from the entry of this Opinion and Order, notify in writing all courts in the Commonwealth of Kentucky in which he may have matters pending and all clients of his inability to provide further legal services during his suspension, and furnish the Office of Bar Counsel with a copy of all such letters. Upon issuance of this order, Stansbury shall immediately, to the extent possible, cancel and cease any advertising activities in which he is engaged.

3. Stansbury shall attend, at his expense, and successfully complete the next scheduled Ethics and Professionalism Enhancement Program ("EPEP") offered by the Office of Bar Counsel, separate and apart from his fulfillment of any other continuing education requirement within one year after entry of this Order. Stansbury shall furnish a release and waiver to the Office of Bar Counsel for the purpose of reviewing CLE records for compliance with this Order, and the release and waiver shall continue in effect until one year after he completes his remedial education.

4. Pursuant to SCR 3.450, Stansbury is directed to pay all costs associated with this proceeding in the amount of $271.81, for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: August 29, 2013.

/s/ John D. Minton, Jr.