**Supreme Court of Kentucky**
TO BE PUBLISHED
FINAL
2014-SC-000041-KB
DATE 4-29-14 [handwritten]

KENTUCKY BAR ASSOCIATION                                                    MOVANT


V.                               IN SUPREME COURT


TRAVIS OLEN MYLES, JR.                                          RESPONDENT


## OPINION AND ORDER

The Board of Governors ("Board") of the Kentucky Bar Association ("KBA") recommends this Court suspend Travis O. Myles, Jr. from the practice of law for sixty-one (61) days, consecutive to any other discipline. Finding sufficient cause to do so, we adopt the Board's recommendation. Myles, whose KBA number is 87300 and whose bar roster address is 1009 Dixon Avenue, Louisville, Kentucky 40217, was admitted to the practice of law in the Commonwealth of Kentucky on October 2, 1998.

Travis Myles represented Karen Lewis on a civil claim against Cigna Insurance Company. After Ms. Lewis experienced difficulty in communicating with Myles, she asked that he return her client file so that she could retain new counsel to represent her. Myles failed to respond to her request, prompting Ms. Lewis to make a complaint to the Office of Bar Counsel ("OBC") of the Kentucky Bar Association. On August 13, 2012, the OBC wrote to Myles requesting confirmation of his return of Ms. Lewis's file. Myles e-mailed Bar

Counsel on August 31, stating that he had "[j]ust sent a copy of the [Lewis] file certified mail." However, subsequent contact with Ms. Lewis established that Myles had not sent the file to her despite his assurances to the contrary.

Pursuant to Supreme Court Rule ("SCR") 3.185,[1] the Inquiry Commission issued a private admonition for Myles's violation of SCR 3.130-1.16(d) for failing to promptly return Ms. Lewis's file, and of SCR 3.130-8.1(b) for failing to respond to the OBC's request that the file be returned. The admonition was conditioned upon Myles's compliance with the Inquiry Commission's order to provide Ms. Lewis with her file within twenty days of the issuance of the October 22, 2012 order. Myles never responded to letters from the OBC requesting acknowledgement of receipt of the conditional admonition within the directed time frame. On December 4, 2012, Myles acknowledged receipt of the Inquiry Commission's order by e-mail, further stating that he would confirm the return of the Lewis file by the following week. However, Ms. Lewis confirmed on January 9, 2013 that she had not received any documents from Myles.

On February 25, 2013, the Inquiry Commission issued a complaint based on Myles's failure to comply with the conditions set forth in the October private admonition. The two-count charge alleged that Myles violated SCR

---

[1] SCR 3.185 provides, in pertinent part: "After a complaint against an attorney for unprofessional conduct is investigated and a response filed, the Inquiry Commission may direct a private admonition, with or without conditions, to the attorney if the acts or course of conduct complained of are shown not to warrant a greater degree of discipline. The attorney so admonished may, within twenty (20) days from the date of the admonition, reject such admonition and request that a charge be issued and filed as is provided by Rule 3.190; whereupon, the issues shall be processed under the applicable rules."

2

3.130-3.4(c) when he knowingly disobeyed an obligation to a tribunal,[2] and SCR 3.130-8.1(b) by failing to respond to a lawful demand for information from a disciplinary authority. After attempts to serve the complaint by certified mail failed, Myles was served by the Jefferson County Sheriff on April 10, 2013. Myles did not respond to the complaint, and the case was submitted to the Board of Governors ("the Board") pursuant to SCR 3.210(1).[3]

The Board found that Myles's conduct gave rise to violations of SCR 3.130-3.4(c) and SCR 3.130.8.1(b). By an unanimous vote of 18-0, the Board found Myles guilty of both counts of misconduct set forth in the Inquiry Commission's charge. In determining the appropriate discipline to propose, the Board considered Myles's past discipline which included a 181-day probated suspension that was subsequently revoked,[4] and a public reprimand. The Board voted 18-0 to recommend a suspension of Myles's license to practice law for a period of 61-days, consecutive to any other discipline, and payment of costs of the proceedings.

Upon review of the Board's recommendation, we find that the proposed discipline is appropriate and is supported by this Court's previous decisions. In *Kentucky Bar Association v. Quesinberry*, this Court imposed a 61-day suspension per the Board's recommendation in a case where an attorney failed

---

[2] In this case, the Inquiry Commission is a "tribunal" as authorized to issue private admonitions pursuant to SCR 3.185.

[3] SCR 3.210(1) provides: "If no answer is filed after a Respondent is notified, the Inquiry Commission shall order the record, together with such investigative evidence as may have been obtained, to be submitted to the Board."

[4] *See Myles v. Kentucky Bar Association,* 289 S.W.3d 561 (Ky. 2009); *Myles v. Kentucky Bar Association,* 366 S.W.3d 919 (Ky. 2012).

3

to properly handle a client's case and then failed to respond to the Inquiry Commission's request for information. 245 S.W.3d 196. The attorney in *Quesinberry* had a prior disciplinary history similar to Myles. *Id.* at 196; *see also Kentucky Bar Association v. Miniard*, 289 S.W.3d 191 (Ky. 2009). It is apparent that throughout the OBC and the Inquiry Commission's processing of this matter, Myles has persisted in failing to appropriately respond to lawful inquiries. When he did correspond with the OBC and the Inquiry Commission, his assurances were later proven to be false. Given Myles's conduct and also considering his disciplinary history, a 61-day suspension is appropriate. We agree with the Board's findings and hereby adopt its recommendation.

Therefore, it is hereby ORDERED that:

1. Travis O. Myles, Jr. is suspended from the practice of law in this Commonwealth for sixty-one (61) days to be served consecutive to any other discipline, effective upon the date of entry of this Order;

2. Pursuant to SCR 3.450, Myles is directed to pay all costs associated with these disciplinary proceedings, in the amount of $233.39 for which execution may issue from this Court upon finality of this Opinion and Order; and

3. Pursuant to SCR 3.390, Myles shall, within ten (10) days from the entry of this opinion and order, provide written notice to his clients of his inability to represent them; provide written notice to all courts in which he has matters pending of his suspension from the practice of law; and furnish copies of all letters of notice to the Executive Director of the Kentucky Bar

4

Association.  Furthermore, to the extent possible, Myles shall immediately cancel and cease any advertising activities in which he is engaged.

All sitting.  All concur.

ENTERED:  April 17, 2014.

_____
CHIEF JUSTICE