**Supreme Court of Kentucky**
2017-SC-000100-KB
TO BE PUBLISHED FINAL
DATE 5/9/17 Kim Redmond

CHRISTOPHER LEE STANSBURY                                    MOVANT


V.                              IN SUPREME COURT


KENTUCKY BAR ASSOCIATION                                 RESPONDENT


### OPINION AND ORDER

Christopher Lee Stansbury, pursuant to Supreme Court Rule (SCR) 3.480(2), moves this Court to enter an Order resolving the pending disciplinary proceeding against him (KBA File Nos. 20721 and 22253) by imposing a two-year suspension from the practice of law, with the condition that he undergo a Kentucky Lawyer Assistance Program (KYLAP) assessment before any request for reinstatement is made. The Kentucky Bar Association (KBA) has no objection to Stansbury's motion. Stansbury was admitted to the practice of law in the Commonwealth of Kentucky on October 29, 1999; his KBA number is 87899. Stansbury's bar roster address is 120 Deer Crossing, Nicholasville, KY 40356.

### I. BACKGROUND.

### File No. 20721

From December 2010 through January 2012, Stansbury conducted twenty-two real estate closings at which he held himself out as an approved

agent for Old Republic Title, issuing closing protection and title commitment letters on behalf of Old Republic, and also collecting title insurance premiums, while knowing he was not authorized to do so. Although Stansbury ultimately remitted those premiums to Old Republic, Stansbury acknowledges that his conduct violated SCR 3.130(8.4)(c) ("It is professional misconduct for a lawyer to . . . engage in conduct involving dishonesty, fraud, deceit or misrepresentation."). Stansbury also acknowledges that he violated SCR 3.130(8.1)(b) in that he knowingly failed to respond to a lawful demand for information from the Office of Bar Counsel in August 2012, as well as a subpoena *duces tecum* served on him by a sheriff on December 11, 2012.

## File No. 22253

Stansbury acknowledges that he violated SCR 3.130(1.4)(a) (failure to keep the client reasonably informed) in his representation of Linda Curry in a divorce case. During Stansbury's representation of Ms. Curry, an agreement was filed on July 6, 2012 requiring Stansbury to prepare a Qualified Domestic Relations Order (QDRO). Stansbury failed to do so, although he informed Ms. Curry that he had. Additionally, Stansbury failed to communicate to Ms. Curry that he had been suspended from the practice of law on August 29, 2013.

Stansbury failed to provide Ms. Curry with a copy of her file after his representation ended due to his suspension. SCR 3.130(1.16)(d) states: "Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as . . . surrendering papers and

2

property to which the client is entitled." He acknowledges that his conduct violated this rule.

Finally, during the disciplinary investigation of Ms. Curry's complaint, the KBA asked Stansbury to provide a copy of the documentation he purportedly submitted regarding the QDRO, and he failed to do so. Stansbury acknowledges that his conduct violated SCR 1.30(8.1)(b).

**Prior Discipline**

In *Stansbury v. Kentucky Bar Association*, 405 S.W.3d 470 (Ky. 2013), Stansbury was suspended from the practice of law for 181 days, with 61 days to be served and the balance probated upon the condition that he successfully complete the next Ethics and Professionalism Enhancement Program. Stansbury's discipline originated from two instances of improper conduct. In the first instance, Stansbury represented a bank in a loan closing involving real estate in Ohio. Although he had not yet received the title opinion from another attorney, Stansbury informed his client that he had performed the title search and gave the bank authorization to close. The bank closed on the loan before discovering a week later that the property was encumbered with two prior mortgages and a tax lien. The bank repeatedly attempted to contact Stansbury; however, their attempts to contact him went unanswered.

Stansbury admitted that he had violated the Rules of the Supreme Court by failing to diligently represent the bank, by not obtaining a title opinion prior to closing, by failing to properly record the mortgage in Ohio, by failing to keep the bank reasonably informed about the matter, by not promptly replying to the

3

bank's request for information concerning the title opinion, by failing to convey information concerning the title opinion to the bank so that the bank could make an informed decision, and by misrepresenting the authorization to close when he had not received any authorization from the attorney who conducted the title search.

In the second instance of misconduct, Stansbury represented a corporation in a civil action in Boyle Circuit Court. Stansbury moved for summary judgment and judgment on the pleadings. Both motions were granted, however, Stansbury did not tender the proposed orders. The case remained open until more than a year later, at which time the court issued a Notice to Dismiss for Lack of Prosecution. After receiving the notice from the court, Stansbury mailed his response, but the response was returned for insufficient postage and was not filed with the court prior to the scheduled hearing date. The client attempted to contact Stansbury, by phone and in writing, regarding the status of its case, but Stansbury failed to respond timely. When Stansbury did respond, he did not explain that the case had been dismissed, instead, he represented that he was waiting on a response from the court. After a bar complaint against him, Stansbury claimed that he had tendered the proposed order to the court on four different occasions, all before the scheduled deadline. A review of the firm's computer system by one of Stansbury's former partners revealed that Stansbury had created those documents only three days before the scheduled deadline.

Stansbury admitted that he had violated the Rules of the Supreme Court by: failing to tender the proposed order in a timely manner; permitting the file to remain open and inactive; failing to appear before the court; misinforming the client as to the status of the matter; failing to respond to the client's requests for information; failing to reasonably expedite the litigation; providing misleading information to the Office of Bar Counsel concerning the date of the proposed orders; and misrepresenting that he had tendered the orders to the court in a timely manner.

Additionally, Stansbury received a private admonition in December 2014 from the Inquiry Commission. This admonition arose from his above-noted suspension, after three of Stansbury's clients informed the Office of Bar Counsel that they had not received a notification of suspension letter pursuant to SCR 3.390(b). The Commission found that this constituted a violation of SCR 3.130-3.4(c).

## II. ANALYSIS.

In *Kentucky Bar Association v. Thornsberry*, 399 S.W.3d 773 (Ky. 2013), attorney Thornsberry, who had been previously suspended for failure to pay dues, was hired to represent a client in a divorce. He later advised the client that he had filed the petition for divorce, though he had not. Thornsberry, like Stansbury, had a significant disciplinary history, having been suspended for 30 days, 61 days, and 181 days in previous cases. This Court held that a two-year suspension from the practice of law was appropriate.

5

In *Kentucky Bar Association v. Burgin*, 469 S.W.3d 832 (Ky. 2015), attorney Burgin was hired in a contract suit and led the client to believe he had filed a complaint when, in fact, he had done no work on the case. After his suspension in another matter took effect, he asked the client to file a complaint he had drafted on her behalf, and continued representing her. Based, in part, on his lengthy discipline history, which included a private admonition, probated 30-day suspension, 60-day suspension, and 181-day suspension, this Court suspended Burgin for one year.

Based on our review of the record, the preceding caselaw, the severity of the conduct in which Stansbury engaged, and our disciplinary precedent, we agree that a two-year suspension from the practice of law is appropriate. Furthermore, based on Stansbury's admission that he is undergoing counseling, we agree that, as a condition for requesting reinstatement, Stansbury must undergo a KYLAP assessment. Therefore, we grant Stansbury's motion for suspension from the practice of law.

It is, therefore, ORDERED that:

1. Movant, Christopher Lee Stansbury, KBA No. 87899, is suspended from the practice of law in the Commonwealth of Kentucky for two years, to commence on the date of this order. As a condition to requesting reinstatement, Stansbury is required to undergo an assessment through KYLAP;

2. Pursuant to SCR 3.390, Stansbury, if he has not already done so, shall, within ten days from the entry of this Opinion and Order, notify all clients

6

in writing of his inability to represent them, and notify all courts in which he has matters pending of his suspension from the practice of law, and furnish copies of said letters of notice to the Office of Bar Counsel;

3. Pursuant to SCR 3.390, Stansbury shall, to the extent he has not already done so and to the extent it is possible and necessary, immediately cancel and cease any advertising activities in which he is engaged;

4. In accordance with SCR 3.450, Stansbury is directed to pay the costs of this action in the amount of $1,458.76, for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: April 27, 2017.

CHIEF JUSTICE

7