TO BE PUBLISHED

# Supreme Court of Kentucky

**FINAL**

2017-SC-000204-KB **DATE** 10|10|17 Kim Redmon, DC

KENTUCKY BAR ASSOCIATION                                    MOVANT

V.                                IN SUPREME COURT

KENNETH JOSEPH BADER                              RESPONDENT

## OPINION AND ORDER

In this attorney disciplinary proceeding, the Trial Commissioner issued a report finding that Respondent Kenneth Joseph Bader had violated two rules of professional misconduct, as charged by the Inquiry Commission. As a sanction, the Trial Commissioner recommended that Bader be suspended from the practice of law for thirty (30) days and be assessed all costs associated with this proceeding, pursuant to SCR[1] 3.450. Neither Bader nor the Kentucky Bar Association ("KBA") filed a notice of appeal from the report; accordingly, this case is before this Court for entry of a final order pursuant to SCR 3.370(9). Finding sufficient cause to do so, we adopt the Trial Commissioner's recommendation.

---

[1] Supreme Court Rules.

Bader, KBA Number is 02455, bar roster address 544 Baxter Avenue, Suite 200, Louisville, Kentucky 40204, was admitted to the practice of law in the Commonwealth of Kentucky on October 22, 1980. This disciplinary proceeding arose from orders entered by the Bullitt Circuit Court finding Bader to be in contempt of court on three separate occasions for failing to appear to represent the interests of his clients. Based upon complaints by the Bullitt Circuit Court judge, the Inquiry Commission issued a complaint against Bader in July 2015. Bader did not file a response. Subsequently, the Inquiry Commission issued a two-count charge against him. Count I charged that Bader violated SCR 3.130(3.4)(c), which provides: "A lawyer shall not . . . knowingly disobey an obligation under the rules of a tribunal without an open refusal based on the claim that no valid obligation exists." Count II charged that Bader violated SCR 3.130(8.1)(b), which states, in part, that in conjunction with a disciplinary matter, a lawyer shall not "knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority."

Bader did not timely answer the charge, but later requested, and received, additional time to file an answer. In his answer, Bader addressed difficulties he faced as a sole practitioner, especially trying to cover cases in multiple courts. He claimed that he missed his contempt hearing in Bullitt Circuit Court because he did not receive timely notice of it. He also spoke of health problems and serious personal issues, and stated that he had suffered a

serious accident that caused him to be off work. However, Bader filed no documentation to support any of these claims, and filed nothing else of record throughout this proceeding, despite additional requests for information from the KBA and the Trial Commissioner, nor did he participate in any other way. Bader did not appear at the pre-hearing conference, file any witness or exhibit lists in anticipation of the hearing, or attend the December 6, 2016 disciplinary hearing itself.

Following the hearing, the KBA timely filed its post-hearing brief. Bader did not file a brief or request an extension of time to do so. The Trial Commissioner thereafter issued its report, finding that with respect to Count I, Bader violated SCR 3.130(3.4)(c) by engaging in conduct that resulted in three contempt orders being issued by the Bullitt Circuit Court. The Trial Commissioner found that the proof showed by a preponderance of the evidence that on three separate occasions Bader failed, without cause, to appear in the Bullitt Circuit Court after having been duly ordered to appear. With respect to Count II, the Trial Commissioner found that the proof established by a preponderance of the evidence that Bader had violated SCR 3.130(8.1)(b) by failing to respond to additional requests, both from KBA Counsel and the Trial Commissioner, for additional information during this proceeding and in all ways failed to participate in his disciplinary hearing.

Having concluded that Bader violated the Rules of Professional Conduct as charged in Count I and II, the Trial Commissioner considered Bader's past disciplinary history in determining the appropriate sanction to recommend.

3

The record shows that by order entered July 21, 2014, Bader received a private reprimand for the following: 1) violating SCR 3.130-1.3 by failing to file a client's bankruptcy petition in a timely manner; 2) violating SCR 3.130-1.4(a)(2) by failing to tell his client that he was not filing her bankruptcy petition because she had not paid his fee; and 3) violating SCR 3.130-1.4(a)(3) by failing to respond to his client's requests for information about her bankruptcy proceedings. Considering Bader's conduct in the proceeding at bar, and his disciplinary history, the Trial Commissioner recommended that Bader be suspended from the practice of law for 30 days and be assessed all costs associated with this proceeding, pursuant to SCR 3.450.

Upon review of the Trial Commissioner's recommendation, we find that the proposed sanction is appropriate and is supported by this Court's prior decisions. *See, e.g., Ky. Bar Ass'n v. Myles*, 436 S.W.3d 204 (Ky. 2014) (61-day suspension warranted where attorney disobeyed order of disciplinary authority requiring him to return file to former client, and failed to respond to disciplinary authority's request for information); *Ky. Bar Ass'n v. Leadingham*, 269 S.W.3d 419 (Ky. 2008) (public reprimand, and 30-day suspension probated on condition that attorney attend ethics program, appropriate sanction for attorney's failure to obey orders of the court and failure to respond to a demand for information from a disciplinary authority); *Ky. Bar Ass'n v. Quesinberry*, 203 S.W.3d 137 (Ky. 2006) (30-day suspension merited where attorney failed to properly handle a client's case and failed to respond to the Inquiry Commission's request for information).

4

The record in this case indicates clear noncompliance with the rules of Bader's chosen profession. The admonition he received in 2014 was for similar conduct. Upon the foregoing facts and charges, we find sufficient evidence to adjudicate Bader guilty of all counts alleged in KBA File 23761. We further hold that in light of Bader's conduct, the recommended sanction of the Trial Commissioner should be adopted. Therefore, it is hereby ORDERED that:

1. Respondent, Kenneth Joseph Bader, KBA Number 02455, 544 Baxter Avenue, Suite 200, Louisville, Kentucky 40204 is adjudged guilty of violating SCR 3.130(3.4)(c) and SCR 3.130(8.1)(b);

2. Respondent is hereby suspended from the practice of law in the Commonwealth of Kentucky for a period of thirty (30) days;

3. In accordance with SCR 3.450, Respondent is directed to pay all costs associated with these disciplinary proceedings against him, in the amount of $1,241.19, for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: September 28, 2017.

_____
CHIEF JUSTICE