TO BE PUBLISHED

# Supreme Court of Kentucky

2024-SC-0489-KB

IN RE: SCOTT WHITE

**IN SUPREME COURT**

**OPINION AND ORDER**

Scott White was admitted to the practice of law with the Kentucky Bar Association (KBA) on November 17, 1994. His KBA number is 85595, and his bar roster address is 184 S. Main Street Versailles, KY 40383.

Pursuant to Supreme Court Rule (SCR) 3.480(2), White has filed a motion requesting that this Court enter an order suspending him from the practice of law for thirty days, probated for one year, for the misconduct alleged in Office of Bar Counsel (OBC) files No. 22-DIS-0216 and 22-DIS-0278.

**OBC File 22-DIS-0216**

Dorothea Wingo hired White on March 15, 2018, to represent her in post-divorce matters related to child custody and support, the division of retirement investments, and the division of proceeds from the sale of the marital home in Woodford Circuit Court.[1] On the same day, White sent an email to Ms. Wingo confirming the representation. Ms. Wingo paid White a

---

[1] *Wingo v. Wingo*, No. 15-CI-0303.

$3,000.00 up front fee and another $3,000.00 nearly a year later on January 3, 2019.

On October 24, 2020, Mr. Wingo's counsel filed a Motion to Modify Child Support and for Accounting. Mr. Wingo's counsel emailed White a copy of the motion on the day it was filed, but White did not file a response. On November 19, 2020, the circuit court entered an order requiring the parties to attend mediation within 60 days, with the costs to be divided equally by the parties. On February 17, 2021, Mr. Wingo's counsel filed a renewed Motion to Modify Child Support. The motion noted that it had been well-over 60 days since the court had ordered the parties to attend mediation and that her repeated attempts to contact White had gone unanswered. Counsel specified that White had sent her emails on January 6, 2021, and February 8, 2021, indicating that he was "on it," but he had not yet followed through with scheduling mediation.

On March 4, 2021, White requested a continuance to file a response to Mr. Wingo's renewed motion, and the court entered an order requiring White to file and serve his response by March 15. White never filed a response. On April 2, 2021, the court entered an order granting Mr. Wingo's Motion to Modify Child Support. The court further ordered an equal division of the $10,000.00 being held in White's escrow account from the sale of the marital home. The order directed White to transfer $5,000.00 to Mr. Wingo within ten days of the entry of the order. Three days after the deadline for the money transfer, Mr. Wingo told Ms. Wingo about the April 2 order. Ms. Wingo emailed White the

2

next morning regarding the order and he responded that he had received it, but he did not inform Ms. Wingo about it until she contacted him.

On the same day Mr. Wingo informed Ms. Wingo of the April 2 order, Mr. Wingo's counsel sent White a letter with a courtesy copy via email stating that neither she nor her client had received the $5,000.00 from White's escrow account and that he needed to send it immediately. White responded by email that he would "get the check right out."

The following day, April 16, Ms. Wingo filed a pro se motion for a hearing and a motion to alter, amend, or vacate. The court placed her motion on the docket for May 6. On April 19, White sent Ms. Wingo an email stating his intention to file a CR 60.02 motion "immediately." Three days later White still had not filed the motion and told Ms. Wingo that he "[hoped] to have the draft ready tomorrow."

On April 24, 2021, Mr. Wingo's counsel field a motion to hold White in contempt for failing to distribute the funds from the escrow account and requested that he be ordered to pay $500.00 in attorney's fee. On May 5, White filed a Response to Motion for Contempt, Motion Under CR 60.02, and Motion to Shorten Time and Hear Motion on May 5, 2021. The hearing for the contempt matter was originally scheduled for June 17, 2021. One day prior to that hearing White requested a continuance until July 1. In the email requesting the continuance, White claimed he was not receiving timely notice from the court because mail was being sent to his former law firm. White contacted the court and verified the address. Ms. Wingo had previously

3

emailed White about the June 17 hearing twice, but he did not respond. On June 17 White sent Ms. Wingo a text message admitting that he "100% dropped the ball."

A hearing was held on July 1, 2021. In relevant part, the court denied Ms. Wingo's pro se motion to alter, amend, or vacate because it was not filed within ten days of the entry of the order; found there were no pending CR 60.02 motions and no grounds for modification pursuant to that rule; and ordered White to issue Mr. Wingo a $5,000.00 check from his escrow account and have it available to be picked up by Mr. Wingo's counsel the following day. White and Mr. Wingo's counsel signed an order agreeing to the foregoing terms, including that the motion for contempt was overruled.

On July 29, 2021, White filed a Motion to Set Aside Contempt Order and Hold Hearing on Substantive issues, including the division of the $10,000.00 proceeds from the sale of the marital home. Mr. Wingo's counsel filed a response on August 9, 2021. On August 19 the court ordered White to file his reply to that response by August 27. White filed his reply on August 26.

OBC sent Ms. Wingo's bar complaint to White by certified mail and a return receipt was received by OBC on August 23, 2022. White did not sign the receipt. On November 3, 2022, White sent OBC a motion for additional time to respond to the complaint. OBC did not object to White's motion and the Inquiry Commission entered an order giving White until the end of November to respond and advised him that failure to respond could result in an additional charge of misconduct. White never responded to the complaint.

4

Before this Court, White admits his actions violated the following rules:

1.)     SCR 3.130(1.3), which provides, "[a] lawyer shall act with reasonable diligence and promptness in representing a client," by failing to provide the necessary work toward his client's case.

2.)     SCR 3.130(1.4)(a)(3), which provides, "[a] lawyer shall . . . keep the client reasonably informed about the status of the matter," by failing to keep his client updated about the status of her case.

3.)     SCR 3.130(1.4)(a)(4), which provides, "[a] lawyer shall . . . promptly comply with reasonably requests for information," by failing to reply to his client's communications about the representation.

4.)     SCR 3.130(3.4)(c), which provides, "[a] lawyer shall not . . . knowingly disobey an obligation under the rules of a tribunal except for an open refusal bases on an assertion that no valid obligation exists," by failing to comply with court orders relating to his representation of his client.

5.)     SCR 3.130(8.1)(b), which states in relevant part, in connection with a disciplinary matter, a lawyer shall not "knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority," by failing to file a response to the Bar Complaint despite receiving notification the Inquiry Commission, through the OBC counsel, required information regarding the complaint, and despite having received a warning that failure to respond to the demand for information could result in additional charges under this rule.

5

**OBC File 22-DIS-0278**

In December 2021, Justin Tomey hired White to represent him and his sister in a sexual abuse case. Mr. Tomey paid White a $5,000.00 retainer. They did not have a written representation agreement. White filed a complaint on Mr. Tomey's behalf in the Fayette Circuit Court in May 2022. Mr. Tomey had requested that the complaint be filed in Woodford County where an estate case he was involved in was also pending.[2] White did not notify Mr. Tomey that he filed the complaint in Fayette County until after it was filed.

White did not provide the necessary work to pursue Mr. Tomey's case in Fayette County, and the case was dismissed by agreement of the parties after the Woodford Circuit Court case was settled. Mr. Tomey requested, by email, text, and phone, an accounting of the retainer he paid White. White never provided an accounting nor did he refund any unearned portion of the prepaid fee. White likewise did not provide Mr. Tomey copies of the pleadings from the Fayette Circuit case upon his request nor did he provide Mr. Tomey with a copy of his client file.

White was served with Mr. Tomey's bar complaint via certified mail, which White signed for, on November 14, 2022. A letter from the Inquiry Commission accompanying the complaint informed him that a failure to respond could result in an additional count of misconduct. Ostensibly, White did not respond to the complaint.

---

[2] Mr. Tomey was represented by other counsel in the estate case.

6

White admits his actions violated the following rules:

1.)     SCR 3.130(1.3), which provides, "[a] lawyer shall act with reasonable diligence and promptness in representing a client," by failing to provide the necessary work to pursue his client's case.

2.)     SCR 3.130(1.4)(a)(3), which provides, "[a] lawyer shall . . . keep the client reasonably informed about the status of the matter," by failing to keep his client updated about the status of the case.

3.)     SCR 3.130(1.4)(a)(4), which provides, "[a] lawyer shall . . . promptly comply with reasonable requests for information," by failing to reply to his client's communications about the representation.

4.)     SCR 3.130(1.15)(b), which provides, in relevant part, "[e]xcept as stated in this Rule or otherwise permitted by law or by agreement with the client a lawyer shall promptly deliver to the client any funds or other property that the client is entitled to receive and, upon request by the client, shall promptly render a full accounting regarding such property," by failing to deliver to his client an accounting of the prepaid fees despite receiving multiple requests.

5.)     SCR 3.130(1.16)(d), which provides, in relevant part, "[u]pon termination of representation, a lawyer shall take steps to the extent reasonably practicable to  protect a client's interests, such as . . . surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred," by failing to

7

provide his client a copy of the file and any unearned portion of the prepaid fee after the representation was terminated.

6.) SCR 3.130(8.1)(b), which states in part, in connection with a disciplinary matter, a lawyer shall not "knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority," by failing to respond to the Bar Complaint, despite receiving notification the Inquiry Commission, through the OBC, required information regarding the complaint, and despite having received a warning failure to respond to that demand for information could result in additional charges under this rule.

Pursuant to SCR 3.480(2),[3] White asks this Court to impose a negotiated sanction of thirty days suspension, probated for one year, for his misconduct in 22-DIS-0216 and 22-DIS-0278 in lieu of further proceedings against him. The OBC's response to White's motion states that it has no objection to White's recitation of the facts or his requested sanction and highlights that White has no previous disciplinary history despite practicing since 1994. OBC provides *KBA v. Bader*, 529 S.W.3d 774 (Ky. 2017) in support of the sanction. In *Bader*, a circuit court judge filed a bar complaint against Bader after holding him in

---

[3] SCR 3.480(2) provides in relevant part: "The Court may consider negotiated sanctions of disciplinary investigations, complaints or charges prior to the commencement of a hearing before a Trial Commissioner under SCR 3.240. Any member who is under investigation pursuant to SCR 3.160(2) or who has a complaint or charge pending in this jurisdiction, and who desires to terminate such investigation or disciplinary proceedings at any stage of it may request Bar Counsel to consider a negotiated sanction. If the member and Bar Counsel agree upon the specifics of the facts, the rules violated, and the appropriate sanction, the member shall file a motion with the Court. . . .The Court may approve the sanction agreed to by the parties, or may remand the case for hearing or other proceedings specified in the order of remand."

contempt on three separate occasions for failing to appear to represent the interests of his clients. *Id.* at 775. Bader failed to respond to requests for information filed by KBA counsel and the trial commissioner during the KBA's proceedings against him. *Id.* This Court adjudged Bader guilty of violating one count of SCR 3.130(3.4)(c) and one count of SCR 3.130(8.1)(b) and imposed a thirty-day suspension with costs. *Id.* at 776.

This Court holds the parties' negotiated sanction is appropriate for the misconduct alleged and finding no reason to remand for further proceedings, hereby orders:

1.) Scott White shall be suspended from the practice of law for thirty days, probated for one year, subject to the conditions listed herein;

2.) Scott White shall receive a KYLAP assessment and provide proof to the OBC within 30 days of this Order;

3.) Scott White shall comply with all recommendations of any KYLAP monitoring agreement, if recommended, and shall provide quarterly status updates to OBC confirming his compliance;

4.) Scott White shall sign authorizations allowing the OBC to review his records held by KYLAP, mental health professionals, social workers, and any and all medical records and mental health records;

5.) Scott White shall provide an accounting of the prepaid fee he received from Justin Tomey, refund any unearned portion of that fee, and provide proof of refund to OBC withing 30 days of this Order;

6.) Scott White shall receive no new disciplinary charges issued by the Inquiry Commission;

7.) Scott White shall timely pay his Kentucky Bar Association membership dues;

8.) Scott White shall timely satisfy all continuing legal education requirements; and

9

9.) Scott White shall pay the certified costs associated with these disciplinary proceedings in the amount of $534.89 pursuant to SCR 3.450.

Bisig, Conley, Keller, Lambert, Nickell, and Thompson, JJ., sitting. All concur. VanMeter, C.J., not sitting.

ENTERED:  December 19, 2024.


DEPUTY CHIEF JUSTICE